### Ward, administrator of Nobles, *against* Sackrider.

ON demurrer. The second count of the declaration was on a note or memorandum in writing, by which the defendant acknowledged to have received of *Nobles*, forty-two dollars, which he promised, on demand, to pay and refund, " provided the said *Nobles* should make it appear " (meaning thereby that the said *Nobles* should give rea-" sonable evidence) that he the said *Nobles* was not able to " hold a certain lot of land (meaning thereby, if the title " so conveyed should prove defective) before that time " sold and quit claimed by the said *Sackrider* to the said

*Margin notes:*

NEW-YORK,
Nov. 1805.

Ward
v.
Sackrider.

Where the declaration consists of two counts, one good and the other bad, if to the latter be pleaded an insufficient bar, going to the whole cause of action, to which the plaintiff demurs, still he will be entitled to judg-

ment on the
count which is
good.

" *Nobles*, in his life time," with an averment that *Nobles*, in his life time, and the plaintiff since his death, had made it appear, by good and sufficient evidence, that the land could not be holden by virtue of the quit claim. To this the defendant pleaded in bar, that *Nobles*, in his life time, did not make it appear, and the plaintiff, since his death, had not made it appear to the said *Sackrider*, that *Nobles* was not able to hold, &c. *Demurrer inde*, shewing for cause, that the plea did not put in issue any new fact, and amounted to the general issue only.

*Gold* for the plaintiff, cited in support of the demurrer, *Leyfield's Case*, 10 *Rep.* 95. *Lynner* v. *Wood. Cro. Car.* 157. 4 *Bac. Abr. Old Ed.* 60, 1. *Hallet* v. *Burch*, 3 *Salk.* 272.

*Emott* and *Foote* contra. As this case comes before the court on demurrer, judgment must be against him who committed the first fault. The declaration, then, is clearly defective. It ought to have averred either an eviction, or that the possession could not be obtained. The memorandum, too, is declared on as a specialty, and yet no seal is shewn. We deny that the plea amounts to the general issue. It admits the *assumpsit* as laid, but shews in bar, that the contingency on which we were to refund, has never happened

*Gold* in reply. Even in covenant the count may be as broad as the instrument declared on. No more is done here, than to follow the words of the instrument. Lord *Holt*, himself, did not object to declaring on written instruments, in *hæc verba;* he only insisted on the setting forth a consideration. The bare reading the plea, shews it does not put any new matter in issue, and is therefore no more than the general issue.

*Per curiam*, delivered by SPENCER J. There are two counts in the plaintiff's declaration, one for money had and received, another on a memorandum in writing. The latter count states, that by a note or memorandum in writing, the defendant acknowledged to have received of the intestate, $42, which he promised to refund, if the intestate

would make it appear that he could not hold a certain lot of land, sold and quit claimed by the defendant to him, averring that the memorandum meant, that if the title so conveyed, should prove defective, then the money was to be refunded; averring also, that the intestate, before his death, and the plaintiff since, had made it appear, by good and sufficient evidence, to the defendant, that the intestate could not hold and possess the said lot of land by virtue of the said quit claim. To the first count the defendant has pleaded *non assumpsit*, and to the second in bar, that the intestate did not in his life time, and the plaintiff has not since his death, made it appear to him, that he was not able to hold the said lot of land by virtue of the said quit claim.

To this last plea the plaintiff has demurred specially; that the plea in bar amounts to the general issue.

That the plea is vicious, and amounts to the general issue, is beyond a doubt. The defendant's counsel, sensible of this, insist that the second count in the declaration is bad. 1st. Because the memorandum is declared on as a specialty, and 2d. because the averments do not correspond with the true exposition of the contract.

The first objection is not well founded. The consideration is expressly stated to be the $42, admitted by the memorandum to have been paid by the intestate to the defendant. An averment of that payment would have been superfluous. This objection is of no weight.

The second objection has more weight, and might be fatal but for one circumstance. The second plea is to the whole cause of action, and extends as well to the second count as the first, which is confessedly a good count. If, therefore, this plea be considered in the light of a general demurrer, on the supposition that the plaintiff has committed the first fault in pleading, still the plaintiff is entitled to judgment, on the ground that one of his counts is good, and thence no objection to this result; because, on that count, if the plaintiff has a just right to recover, he can take his verdict, and it is broad enough to embrace his case. The plaintiff must have judgment.