HEATH AND ANOTHER *against* ROSS.

A patent for land, dated the 4th of *December*, but which does not pass the *Great Seal* until the 28th of *December*, relates back, as between the parties, so as to vest the title in the patentee from the *date*; and the patentee may maintain *trover* for timber cut and carried away from the land, between the 4th and 28th of *December*, by persons having no title or claim to it. But the doctrine of *relation*, being a fiction of law, is not admitted to the prejudice of third persons, not parties or privies, having any right.

THIS was an action of *trover*, for a quantity of timber, tried at the *Essex* circuit, in *June* last, before his honour the Chief Justice.

The plaintiffs produced a patent to them for a lot of land, comprehending the premises on which the timber was cut, dated *December* 4, 1810, and which passed the secretary's office the 28th of *December*, 1810.

A witness testified that he began to cut pine timber on the land the last of *November*, 1810, and continued to cut, until the *January* following; that he contracted to deliver 10,000 feet of timber to the defendant, on the shore of the lake; that both he and the defendant supposed that the lot belonged to the people of the state, and that in *January*, or *February*, 1811, the defendant went to *Albany* to purchase the lot for the witness, but found that it had been conveyed to the plaintiffs. The witness cut 11,000 feet, of which, 8,000 feet were delivered on the shore. The whole quantity, except about 4,000 feet, was cut and drawn out, before the 28th of *December*, 1810. The defendant, before he took away the timber, had notice from the plaintiffs that it was their property.

The jury found a verdict for the plaintiffs, for 570 dollars, subject to the opinion of the court on a case containing the above facts; and it was agreed, that if the court should be of opinion that the title to the lot was in the plaintiffs on the 4th of *December*, 1810, and they were entitled to the timber on the shore, that then the verdict was to stand; but if the court should be of opinion that the title was not vested in the plaintiffs, until the 28th of *December*, 1810, that then the amount of the verdict should be reduced to 215 dollars, &c.

The case was submitted to the court, without argument.

PER CURIAM. This is an action of *trover*, to recover the value of a quantity of timber, and the principal question, for the purpose of ascertaining the amount of damages, is to determine when the title to the land upon which the timber was cut, became vested in the plaintiffs. The patent granted to them

bears date the 4th day of *December*, 1810, and passed the secretary's office on the 28th day of the same month; and the principal part of the timber was cut between these two periods. According to the usage and practice at the secretary's office, the patent is dated at the time when the grant was ordered by the commissioners of the land-office, and this must be taken to be the time when the contract for the land was made. As between the parties to the grant, when the title is consummated by all the necessary forms, it will relate back to the date; but this relation, which is a fiction of law, is never to be adopted when third persons, who are not parties or privies, will be prejudiced thereby. But the application of this fiction to the case before us, will produce no such result; for the defendant, and the person from whom he purchased the timber, knew that neither of them had any title to the lot, or right to cut the timber. They both supposed it belonged to the people of this state, and afterwards made application to purchase it, which was a full recognition of their title; and the plaintiffs having obtained this title by a grant, which, as between them and the people, would relate back to a time before which any of the timber was cut, must draw after it a right to the timber also. The people can have no claim upon the defendant for this timber, and the injury is without redress, unless the plaintiffs' claim can be supported. The doctrine of relation, as understood and recognised, both in our own and in the *English* courts, is applicable to this case, and makes the plaintiffs' title relate back to the date of the patent. (1 *Johns. Cas.* 85. *Vin. Ab.* tit. *Relation*, 288—9. The plaintiffs are, accordingly, entitled to judgment for 570 dollars.

                    Judgment for the plaintiffs.