3sr 833<br>142 103

BECHTEL *against* RHOADS.

IN ERROR.

1817.

Pittsburg.

September.

ERROR to the Common Pleas of *Somerset* county.

This was an action of trespass *quare clausum fregit* brought by *Bechtel* against *Rhoads* for entering upon his land, and cutting and carrying away trees. The plaintiff gave in evidence a warrant for the land, dated 31st *December*, 1814, and a receipt for the purchase money on that day; a survey on the 16th *March*, 1815, and a patent, dated the 26th *April*, 1815. The defendant cut trees on the land, and carried them away in *January*, 1815, no person being then in the actual possession of the land. It was not denied, that the warrant was descriptive of the land surveyed and patented.

*A descriptive warrant, on which a survey and patent are afterwards duly obtained, vests the possession in the owner of such warrant, so that on obtaining his patent he may maintain trespass for acts done on the land after the date of the warrant, and before the patent.*

The Court below charged the jury, that the plaintiff was bound to shew, that the warrant was in the deputy surveyor's hands, or made known to the defendant, before the alleged trespass was committed; that a warrant was only an inceptive title, which might or might not be pursued; and

unless pursued with due diligence, was of no avail; and as no proof was given on these points, they directed a verdict for the defendant. The plaintiff tendered a bill of exceptions.

The opinion of the Court (TILGHMAN C. J. being sick and absent) was delivered by

DUNCAN J. To support trespass *quare clausum fregit*, possession is necessary. When the trespass in this case was committed, the *locus in quo* was not in the actual possession of any one, and it here turns on this inquiry, did the plaintiff shew in himself any title which would, in judgment of law, draw after it the possession? Certain acts were proved to have been done, after the plaintiff had obtained his warrant, which would constitute a trespass, if the plaintiff had any right to the possession; legal, or equitable. No question was made here as to the description of the warrant. It seems to have been conceded, that it did describe the lands. A descriptive warrant, gives a right of entry. The very letter of the grant was complied with. The survey was made and returned and the patent taken out, within six months. Where was the right in the intermediate time, between the warrant and the survey? The beneficial interest was not in the state. It was not in abeyance. The state had sold the land, and received the purchase money. Certain conditions were annexed. These were performed within the period assigned, and the executory contract became executed. Being executed, all would have relation, as between the state and the warrantee, to the inception of the title. This relation did no wrong to strangers; for here the defendant had no right; he was a trespasser on the right of some one. The doctrine of relation is a familiar one. The warrant, survey, and patent, are all parts of the same conveyance; like the bargain and sale, lease and release, they all relate in contemplation of law, as between the parties to the first act.

Whatever is agreed to be done, is considered as done; and this forms the great foundation of all equitable rights in *Pennsylvania* and confers a legal remedy, as if the party was invested with the legal title. On an agreement to convey, the party being entitled to immediate possession, gives him the right of entry, and in *Pennsylvania* on such agreement could support trespass against one who entered, the possession being vacant. A purchaser before conveyance is the

owner in equity, in almost every respect; as to profit and loss, he is considered the actual proprietor. Before payment he may be restrained from cutting timber. After payment the land is his; consequently the trees are his. This at least was an agreement to convey, provided certain acts were done within certain times; with a liberty to the warrantee to make immediate entry; for that was necessary to consummate the grant. Before such entry, with the power allowed by law to make it, where there is no actual adverse possession, I consider this inchoate right as drawing to it by judgment of law, the possession, so as to enable the party to support trespass.

I do not know of any decision on this subject; but in the absence of all direct authority, I am of opinion, that, on the clearest legal principles, the right by relation under the law and usages of *Pennsylvania* was in the plaintiff from the date of his warrant, and that he could maintain this action.

Since this opinion was drawn out, I have again investigated the subject, and find a decision of the Supreme Court of *New York*, (*Heath and another* v. *Ross*, 12 *Johns*. 140,) which in principle, and in the reasoning of the Court, confirms me in the opinion I had formed. A patent for land, dated 4th *December*, which did not pass the great seal until the 24th *December*, relates back, as between the parties, so as to vest the title in the patentee, from the date, and the patentee may maintain trover for timber cut and carried away from the land, between the 4th and 20th *December*. The people, (say the Court,) can have no claim on the defendant for this timber, and the injury is without redress, unless the plaintiffs' claim can be supported. The plaintiffs having obtained this title by a grant; the defendant having no right to cut the timber; and as this grant, as between the plaintiffs and the people, would relate back to a time before which any timber was cut, this must draw after it a right to the timber also.

Judgment reversed, and a *venire facias de novo* awarded.