NEW YORK,
May, 1826.

Jackson
v.
Douglass.

JACKSON, *ex dem.* ATWOOD and others, *against* DOUGLASS.

A patent or grant of lands by the state, takes effect only from the time when it is approved by the commissioners of the land office, and passes the secretary's office.

The date is not conclusive of the time of its issuing.

The governor, as such has no power to sell or contract for the sale of the unappropriated lands of the state. He has no more power than any other commissioner of the land office.

His signature to a patent, therefore, under a certain date is no evidence of a contract at that time to sell the lands; nor that the patent issued at that time.

What is meant by a patent passing the secretary's office.

EJECTMENT for the east half of lot 22, in Beekman-town, Clinton county, tried at the circuit in that county, January 21st, 1825, before WALWORTH, C. Judge.

The lessors of the plaintiff claimed under a patent, including the premises in question, from the people to Zeph· aniah Platt, dated, and which passed the secretary's office, February 28th, 1787. And the defendant claimed under letters patent from the people, covering the same premises, to Simeon Metcalf, bearing date, and tested, and signed by the governor, the 14th day of August, 1786; but it did not pass the secretary's office till July 27th, 1790. The patent to Platt, thus having passed the secretary's office before the patent to Metcalf, the judge directed the jury that the former took preference for this reason; and they found for the plaintiff. The respective times at which the patents passed the office of the secretary, and were signed by the governor, appeared on the face of them.

*H. Bleecker*, for the defendant, moved for a new trial. He said the note of the time when the patents passed the secretary's office could not be regarded. The date must determine when they were to take effect.

But at any rate, the patent to Metcalf should be holden to relate to the time of its date; the governor's signature being evidence of a contract to convey at that time. (*Jackson* v. *Ramsay*, 3 Cowen, 75. 18 Vin. Relation, (E) p. 290. Cro. Jac. 512. 1 John. Cas. 81. 2 Inst. 674-5. 2 Ves. Sen. 70. 13 Rep. 21.) The grant by the commissioners was a mere technical consummation of the agree ment. It must be presumed that the money was paid at the date; and that the patentee had done every thing on his part to be performed. *Heath* v. *Ross*, (12 John. 140,) is in point to this question of relation. The subsequent patentee is privy to the first grant; and thus stands in a situation to be affected by the relation.

These patents being matters of record, nothing can be averred against the date. (18 Vin. 289, Relation, (D.) 2 Bl. Com. 346. 17 Vin. 166, Prerogative, &c. (Y. c. 2.) Com. Dig. Patent, (A.) Co. Lit. 260, a.)

*J. Platt*, contra. There is no evidence that Metcalf paid the money, or did any other act entitling him to the grant before the patent issued; and it is begging the question to say there was a previous contract. As between individuals, the date of a deed is of no manner of importance. It is *prima facie* evidence, and no more. The doctrine contended for, would be a strange anomaly. We deny that a record can have the relation contended for; much less is it to be conclusive. The case coming the nearest to the one before the court, is that of *Heath* v. *Ross*, (12 John. 140.) But the question in that case was agreed to be the same as if it had stood between the government and the patentee. As between them, it was held that the patent related to the time of its date; but the express reservation is made in that case, that the effect given to the patent should not avail, so as to injure third persons, strangers to the grant; and, as to them, the court declare, in terms, that the grant is to have effect only from the time when the commissioners of the land office approve the conveyance. It is not pretended that Platt, the patentee, had any notice of Metcalf's proceedings. Where was the legal title during the three years that intervened between the passing of Platt's patent, and that of Metcalf? Did it not vest in Platt as soon as the patent issued to him? No doubt it was indefeasibly in him, and the commissioners could not divest it; nor could the governor and secretary do this. If, as contended, a patent is to conclude by its date, the keepers of the great seal may divest rights when they please. All that is necessary would be to antedate a grant. No adjudged case is produced that even the king of England may do this. *Magna charta* forbids it, and the English authorities forbid it. (Com. Dig. Patent, (E) (F.) In England patents are granted by the king; here by the commissioners of the land office. (1 Greenleaf's laws, 280.) A patent signed by the governor alone would be

NEW YORK,
May, 1826.

Jackson
v.
Douglass.

void. From the time when the king or the commissioners express their will, the land passes, and not before.

The case of *Jackson* v. *Ramsay*, cited from the 3d of Cowen, was a sheriff's sale upon execution ; and went on the ground of a previous lien by the judgment. Platt could not be privy to a patent which had no existence till three years after his own grant.

*Curia*, per Sutherland, J. The governor, as such, has no authority to sell, or contract for a sale, of the unappropriated lands of this state. That power is entrusted to the commissioners of the land office. The person administering the government is *ex officio*, one of those commissioners ; but he possesses no greater power than any other member of the board. (1 R. L. 292. 1 Greenleaf, 280.) The commissioners are authorized to direct the form of the patent to be issued. But whatever the form may be, the sale and the patent are efficacious, only as directed by, and emanating from the commissioners. The mere signature of the governor does not afford the requisite legal evidence that the patent is approved of by the commissioners. The statute has not declared that such shall be its effect ; and there is nothing to show that the commissioners, (admitting it was competent for them to do it,) ever constituted the governor their agent or representative for that purpose. Having no authority, therefore to sign the patent to Metcalf, under whom the defendant claims, until it was approved of by the commissioners ; and it not appearing that it was so approved till the 27th of July, 1790, when it passed the secretary's office; it is immaterial whether it was in fact, signed by the governor when it bears date, or not. But the legal presumption is, that his signature and the affixing of the great seal, to the patent, (which I understand to be what is meant by passing the secretary's office,) were contemporaneous acts. This would also appear to have been the fact from inspection of the patent, if the signature and certificate in the original patent were placed as they are by the copy given in the case.

From what time, then, is this patent to Metcalf to take effect ? From its date in August, 1786, or from the time when it actually issued or passed the secretary's office, in July, 1790 ? It is said by the court, *Heath* v. *Ross*, (12 John. 141,) that " according to the usage and practice of the secretary's office, the patent is dated at the time when the grant is ordered by the commissioners of the land office ; and this must be taken to be the time when the contract for the grant was made." What the evidence of the usage was, in that case does not appear. None is stated. I cannot suppose it to be so notorious that the court would take notice of it without proof. And, with great respect, I should have entertained very serious doubt, whether evidence of usage would have been admissible, if objected to. The deputy secretary of state is, by law, declared to be clerk to the commissioners of the land office ; and it is expressly made his duty to enter the minutes of their proceedings, and to keep the same in the secretary's office in proper order, with the papers and documents which may be presented to the board. (1 R. L. 292, s. 2.) The application for the patent, therefore, and the order of the commissioners that it issue, must appear upon the minutes of their proceedings on record in the secretary's office. Those minutes certainly afford evidence of a higher character, as to the time when the patent was *ordered* to be issued, than the mere date of a patent, in a case in which it is admitted that it did not actually issue when it bears date. The date may have been erroneously inserted in the patent, either by accident or design. It may have been an error in transcribing, or have occurred in a variety of ways, each of which is more probable, than the supposition that it was intended to designate the time *when the contract for the land was made.*

The defendant, therefore, I apprehend, fails in laying a foundation for the doctrine of relation for which he contends. He does not show a previous contract to which the act that consummates his title, is to relate, and from the date of which, it is, by relation, to take effect.

NEW YORK,      I do not therefore, deem it material to inquire, whether
May, 1826.   Zephaniah Platt was a privy, so that the doctrine of rela-
Dunham       tion would apply to this case, if there were no other objec-
v.           tion to it.   It is a fiction of law ; and is never to be adopt-
Trustees of
Rochester.   ed when third persons, who are neither parties or privies, are
             to be affected by it.   (3 Cowen, 80, and the cases there cited.
             12 John. 141.)

             I am, therefore, of opinion, that the patent to Metcalf can
take effect only from the time when it appears to have been
approved of by the commissioners, and to have passed the
secretary's office ; and, consequently, that the motion for a
new trial must be denied.

New trial denied.