## John and Francis Stout *v.* Danforth Keyes.

Under the justices' act of 1841, (S. L. 1841, p. 81, §§1, 39, 43,) a justice of the peace has no power to try a cause in which it appears by the pleadings that a question of title to real estate is involved, and the title is *disputed;* but where the title is *admitted,* as by demurrer to a declaration alleging it, the justice has jurisdiction.

A purchaser of real estate at a mortgage sale, acquires an inchoate title, subject to be defeated by redemption.

When his title becomes absolute by the failure to redeem, it relates back to the time of the purchase.

And he may, therefore, after his title is thus perfected, maintain an action for injury done to the estate, maliciously, and with knowledge of his rights, by the cutting and carrying away growing timber after the purchase, before the expiration of the time for redemption.

Case is the proper common law remedy for such injury.

The common law is in force in this state, except so far as it is repugnant to, or inconsistent with, our constitution or statutes.

Error to Lenawee Circuit Court. This was a special action on the case brought by Keyes against John and Francis Stout, before a justice of the peace.

The declaration alleged in substance that Keyes was the assignee of a mortgage executed by Francis Stout; that default having been made in the payment of the money secured by the mortgage, he instituted proceedings under the acts of 1841, (S. L. 1841, pp. 45, 150,) for foreclosure and sale of the mortgaged premises; that the premises were sold on such foreclosure, October 1, 1841, and that he, the said Keyes, became the purchaser, for the sum of $466.67; that the premises were not redeemed within the six months after the sale allowed by the statute for redemption; and that, after the expiration of that period he entered into possession. The declaration then

further averred, that between the time of sale and the ex-piration of the time for redemption, the defendants, John and Francis Stout, with the knowledge of the plaintiff's rights, and the intent to injure and prejudice him in his estate, cut down and carried away a large quanty of tim-ber growing upon the premises.

To this declaration the defendants below demurred.

The justice overruled the demurrer and gave judgment in favor of the plaintiff below for $100, damages and costs. The defendants below thereupon removed the cause by *certiorari* to the circuit court, where the judgment of the justice was affirmed.

*P. Morey,* for the plaintiffs in error.

*F. C. Beaman,* for the defendant in error.

GOODWIN, J. delivered the opinion of the Court.

1. It is first insisted that it appeared upon the face of the declaration that the title to real estate came in question, and that, therefore, under the justices act of 1841, (S. L. 1841, p. 81,) the justice had no jurisdiction.

The first section of that act excepts from his jurisdiction actions in which the title of real estate shall come in question; and if there was nothing further, probably the jurisdiction would be excluded. But there are other sec-tions which show how the title must come in question to exclude jurisdiction, and the whole must be construed to-gether. Sec. 39* provides that in every action where the title to land shall in any wise come in question, the defen-dant, at the time he is required to join issue, may plead specially, any plea showing that the title will come in question, or may give notice to that effect under the gen-eral issue;" that these shall be written and signed by the

*Re-enacted by R. S. 1846, p. 396, §§ 52 to 56.

defendant or his attorney, and countersigned by the jus_tice, and then, upon the giving, by him, of a bond to defend, &c., in the circuit court, and payment of the costs, the suit shall be discontinued. This course was not pursued. Section 43* provides that if it appears on the trial from the plaintiff's own showing, *that the title to land is in question, and which title is disputed* by the defendant, the justice shall dismiss the cause, and the plaintiff pay the costs.

The plea of the general issue would, in this case, have put the title set up in the declaration in issue ; and unless the plaintiff admitted it on the trial, the jurisdiction would have been taken away.

From the sections referred to, it appears that the *trial* of questions of title is what is inhibited, when they arise in the actions of which jurisdiction is given. The term trial is usually applied to the investigation of facts in question or dispute between the parties to a cause. By demurring, the defendant admitted the facts set out in the declaration, and raised the question of law as to their sufficiency to maintain the action. The plaintiff's title as he set it out—the facts constituting it which he alleged as the foundation of the suit—were conceded. True, he assigned as a cause of demurrer the want of jurisdiction. To take it away, however, he should have resorted to another course, and one which would have put the title in dispute. The statute evidently intended to take away the power to hear evidence and determine upon the various intricate and complex questions which might arise upon the trial of a disputed title. Where upon a demurrer to the declaration, a mere question of law arises, a review of any decision made is easily and without difficulty had under the provisions of the statute.

2. It is insisted in the second place, that the action on

* Re-enacted, R. S. 1846, p. 396, § 57.

the case would not lie upon the facts alleged in the declaration.

It is a general principle of the common law, that whenever the law gives a right, or prohibits an injury, it also gives a remedy by action ; and, where no specific remedy is given for an injury complained of, a remedy may be had by special action on the case.   This action, says Blackstone, is an universal remedy, given for all personal wrongs and injuries without force.   3 Bl. Com. 122 ; p. 1 Chit. Pl. 83, '4.

In the case of *Yates* v. *Joyce*, 11 John, 136, A., being the assignee of a judgment against B., had taken out an execution and levied upon a lot of land upon which the judgment was a lien ; and C., knowing the premises, and, as charged in the declaration, with intent to injure the plaintiff, removed buildings from the said lot, and in consequence thereof, the amount for which the lot sold was diminished, and the plaintiff, the defendant having no other property, was thus far deprived of the benefit of his judgment.   Upon a demurrer to the declaration stating these facts in substance, the action was sustained, upon the principle above referred to.

In this case, the plaintiff, by his purchase, had acquired an inchoate right to the land, subject to be defeated by payment, by the mortgagor, or of the purchase money, with ten per cent interest, in six months.   If not so redeemed, he had a right to have the estate which he purchased, his title to which would then be consummated.   The trees growing on the land were a part of that estate, being a part of the realty.   The acts are charged to have been done wrongfully, and with intent to injure the plaintiff, and the action, it seems to me, was well brought.

The deed while it was in the register's hands, between the time of the sale and the expiration of the time for redemption, was in the nature of an escrow ; and, if not de-

feated by redemption, related back to the time of the purchase, at which, under the statute referred to, it bore date. 4 Cru. Dig. 31; 3 Rep. 35; Swift's Dig. 123, '4, 179; 4 Day's R. 66.

If a deed is delivered on condition, and the grantee dies before the performance of the condition, yet upon its performance, the estate becomes vested. " For there was *traditio inchoata* in the life time of the parties, *et postea consummatio existens* by the performance of the condition."

In the state of New York, the doctrine of relation has been carried much farther than this, as will be found in the case of *Jackson* v. *Ramsey*, 3 Cow. R. 75, and cases there cited. In *Heath* v. *Ross*, 12 John. 140, between the date of a patent, and its passing the proper office, a quantity of timber was cut on the premises granted by the patent, and trover brought by the patentee and sustained—the grant being held to relate back to the date of the patent. In this case the doctrine is clearly applicable, and as the purchaser was not in the possession, that being held by one of the defendants, the action was properly case.

3. But it is said, that if the action would lie at the common law, that law is not in force in this state as a means of civil remedy. This is a somewhat startling proposition to be seriously urged at this time, when this court, as well as the circuit courts, have been adjudicating common law actions, upon common law rules and principles, since their organization under the state government; and also, the territorial courts had done so previously, from the organization of the territorial government under the acts of Congress and the ordinance of 1787. It can require but a few moments consideration.

It is contended, first, that the state constitution abrogated the common law, which it is conceded was previously in force. There is no provision in the constitution to that effect; but, on the contrary, in the second section of the

schedule annexed to the constitution, the laws in force are retained until they should expire by their own limitations, or be altered or repealed by the legislature. And it is a general principle, that, upon a change of government, laws in force continue until changed or abrogated. But, it is said, that if not repealed by the constitution, it is by the Revised Statutes of 1838. Not so. In the repealing acts therein contained, *the statutes* of which the subjects are revised or re-enacted, or which are repugnant to the provisions of the revised statutes, are repealed. And so far as the constitution and the government established by it, or the provisions of statutes, are inconsistent with, or repugnant to the common law, they supersede it. In almost every part of the Revised Statutes of 1838, relating to rights and remedies, the common law is incidentally or otherwise recognised; and more especially is it, in the chapters relative to the circuit and supreme courts, particularly section 4, of the former, (p. 381,) and sections, 2, 3, and 4, of the latter (pp. 357, '8.) I am of opinion then, that there is no error in the judgment of the court below, and that the same should be affirmed.

*Judgment affirmed.*