Pratt v. Potter.

Judgment accordingly.

[Albany General Term, December 4, 1854. *Wright*, *Harris* and *Watson*, Justices.]

---◇---

## Pratt and others *vs*. Potter.

The doctrine of relation is only applicable to cases where several acts are necessary to make a complete conveyance. In such cases, where justice, as between the parties, requires it, and where it will not operate to the prejudice of third persons, the conveyance will be regarded as having been made at the date of the first act, to which all the subsequent acts will have relation.

But, as the doctrine is a fiction of law, it will never be adopted when third persons who are not parties or privies, will be prejudiced thereby. It is only resorted to for the advancement of justice.

Where several owners of a wood lot, by a deed bearing date, and purporting to have been acknowledged, on the 15th of March, 1851, but which was not in fact executed by all the grantors until on or about the 26th of March, conveyed the same to the plaintiff, and intermediate those dates the defendant removed from the premises a quantity of timber, which he had cut previous to the 15th of March, under and by virtue of a license from one of the grantors; *Held* that the deed, when executed and delivered, did not take effect, by relation, from the time of its date, and, by its retroactive effect, revoke the license under which the timber was cut, as of that date.

*Held also*, that, however fraudulent the purpose of the owner, he had the legal right to cut timber, or to grant to the defendant a license to cut; and that he having granted such license, this furnished a justification to the defendant, and was a valid defense to the plaintiff's action to recover the value of the timber.

An act, lawful at the time it was committed, cannot be converted into a trespass, by a legal fiction.

Pratt *v.* Potter.

THIS was an action for cutting and carrying away timber from a wood lot in the town of Rochester, in the county of Ulster. It was tried at the Ulster circuit, in May, 1854, before Mr. Justice BACON. It appeared upon the trial, that the lot upon which the timber had been cut, had been owned by the heirs of Jacob E. Hornbeck, deceased, and that those heirs, by a deed bearing date the 15th day of March, 1851, conveyed the lot to the plaintiffs. The deed purported to have been acknowledged on the day of its date, but the proof showed that in fact it was not executed by all the grantors, until on or about the 26th of March, on which day it. was recorded. The timber in question was all cut by the defendant before the 15th of March, and was removed between the 15th and the 26th. There was evidence to show that the timber was cut and removed under a. license from one of the plaintiffs' grantors.

The plaintiffs having rested, the defendant moved for a non-suit on the ground that the plaintiffs did not obtain title to the lot until after the timber had been cut and removed. The court overruled the motion, and the defendant's counsel excepted. The court also excluded evidence offered, to show that one of the plaintiffs' grantors, knew that Lucas Krom jr., another heir and grantor, had given the defendant permission to cut the timber, and that it had been purchased by the defendant. The court decided that any license the defendant might have had from any of the heirs was revoked by the deed, which took effect, by relation, from the day of its date, without any express notice to the defendant. To this decision the counsel for the defendant excepted. The testimony being closed, the court charged the jury that the. defendant was liable for all timber carried off the lot, after the date of the deed, although the same had been felled before. To this charge the counsel for the defendant excepted. The counsel for the defendant requested the court to charge that if the timber was cut down before the date of the plaintiffs' deed, under a parol license from some of the heirs, that then the plaintiffs were not entitled to recover the value of the timber so cut down, though it had been removed after the date of the deed. The court re-

Pratt *v.* Potter.

fused so to charge, and the counsel for the defendant excepted. The jury rendered a verdict in favor of the plaintiffs for $300. Judgment having been perfected upon the verdict, the defendant appealed to the general term.

*E. Cooke,* for the plaintiffs.

*T. R. Westbrook,* for the defendant.

*By the Court,* HARRIS, J.   The trees cut by the defendant had all been severed from the land before the 15th of March. At the date of the deed, therefore, the timber in question had become personal property, and, of course, did not pass by the conveyance, even if it is to be regarded as taking effect at the time of its date.   But the deed in fact became operative as a grant at the time of its delivery.   And this, as the proof stands, cannot be presumed to have taken place earlier than the 26th of March.   At that time, the timber had not only been cut, but it had been entirely removed from the premises.

I cannot agree with the learned judge who presided at the circuit, that although the deed was not in fact executed or delivered until after its date, it is a proper case for the application of the doctrine of relation.   That doctrine, as I understand it, is only applicable to cases where several acts are necessary to make a complete conveyance.   In such cases, where justice as between the parties requires it, and where it will not operate to the prejudice of third persons, the conveyance will be regarded as having been made at the date of the first act, to which all the subsequent acts will have relation.   Thus in the case of a sale of real estate upon execution, the first act is the sale and the payment of the purchase money by the purchaser.   The deed is not to be executed until fifteen months have elapsed.   But when it comes to be executed, as between the defendant in the judgment upon which the sale was had, and the purchaser, and their privies, it relates back to the time of the sale. (*Jackson* v. *Dickinson,* 15 *John.* 309.  *Jackson* v. *Ramsay,* 3 *Cowen,* 75. *Rich* v. *Baker,* 3 *Denio,* 79.)   So where a deed is executed in

pursuance of a previous contract, the deed will be held good, by relation, from the time of making the contract, for the purpose of upholding an intermediate sale by the grantee. (*Jackson* v. *Bull*, 1 *John. Cas.* 85. *Jackson* v. *Bard*, 4 *John.* 230.) The case of *Heath* v. *Ross*, (12 *John.* 140,) was decided upon this principle. The plaintiff claimed title under a patent from the state, bearing date the 4th of December, 1810. That was the time when the grant was ordered by the commissioners of the land office—the time when the contract for the purchase was in fact made. It passed the office of the secretary of state on the 28th of December. The action was for timber cut-intermediate the date of the patent and the time it was actually issued. It was held that, inasmuch as the cutting of the timber was a wrongful act, and as between the parties to the grant, the title, when consummated by all the necessary forms, related back to the date of the patent, so that the people would have no claim for the injury, the action might be maintained. But suppose it had appeared that the timber had been cut under a license from the state, could the doctrine of relation have been available to maintain the action ? The court expressly say in that case, that as it is a fiction of law, it will never be adopted when third persons, who are not parties or privies, will be prejudiced thereby. It is only resorted to for the advancement of justice.

There was no evidence upon the trial of this action, to show that a contract for the purchase of the lot had been made between the grantors and grantees previous to the execution and delivery of the deed, and yet the learned judge, assuming that the timber had been cut under a license from one of the owners, and that such owner had not in fact executed the deed until after the timber had been removed from the premises, held that the deed, when executed and delivered, took effect by relation, from the time of its date, and by its retroactive effect revoked the license under which the timber had been cut, as of that date. This, it seems to me, is giving to a mere fiction of law a degree of energy which it has not hitherto been supposed to possess.

There is, I admit, some reason, from the testimony in the

case, to believe that Krom, one of the plaintiffs' grantors, intended to practice a fraud upon his co-tenants or the grantees, by selling the timber and having it removed from the premises without their knowledge, before the sale should be consummated, and that the defendant was willing to aid him in effecting his fraudulent design. If so, it may be that an action for the wrong may be maintained against him, and possibly against the defendant. But it cannot be denied that Krom, so long as he was an owner of the premises, had the legal right to cut timber, or to grant to the defendant license to cut; and however fraudulent his purpose, the act lawful at the time it was committed, cannot be converted into a trespass by a legal fiction. (*See Baker* v. *Wheeler*, 8 *Wend.* 505.) The fact that, from the time the defendant commenced cutting upon the lot until the timber was all removed, he was acting under an unrevoked license from Krom, who during all that time continued to be an owner of the property, must, it seems to me, furnish a conclusive answer to this action. The judgment must therefore be reversed and a new trial granted, with costs to abide the event.

[ALBANY GENERAL TERM, May 7, 1855. *Parker*, *Wright* and *Harris*, Justices.]