## Edward Bacon and others v. George Kimmel.

*Chattel Mortgage. Attachment.* Personal property in the possession of a mortgagee by virtue of a chattel mortgage, after the time for payment has expired, is not subject to attachment by a creditor of the mortgagor, and a sale on execution in such attachment suit is void.—*Tannahill v. Tuttle,* 3 *Mich.* 104. *Eggleston v. Mundy,* 4 *Id.* 295.

*Effect of setting aside a sale on execution. Bar.* When a levy and sheriff's return of sale are set aside by the court, on motion of the plaintiff, on the ground that the property did not belong to the defendants in the attachment, any claim of the plaintiff to the property or possession acquired by the attachment and sale is effectually barred.

*Change of title by judgment in trespass; how far it relates back, and what is its effect.* The plaintiff, in a suit in trespass, for the purpose of proving title, introduced a judgment against himself in favor of the mortgagee in a chattel mortgage, which judgment was more than two years subsequent to the trespass complained of in this case. *Held,* that, whatever might be the effect of such judgment to vest the title of the property in the defendant as against the plaintiff *in that suit,* or whatever might have been its effect in an action of trover, it is unavailable against the defendants in the present action of trespass.

BACON *v.* KIMMEL.

The defendants, not being trespassers at the time the act complained of was committed, they cannot be made trespassers, by relation, in consequence of a judgment between other parties, although affecting the same property.

*Heard April 12th and 13th. Decided April 24th.*

Error to Berrien Circuit.

Defendant in error brought trespass *de bonis asportatis*, in the court below, against plaintiff in error.

The declaration contained but one count, and described the property as one locomotive steam engine, twenty lumber cars, blacksmith's tools, &c.

The testimony tended to show the following facts : That a firm, consisting of plaintiff in error, George Bridgman, Charles F. Howe, and Joseph W. Howe, bought certain land in Berrien county, and having constructed thereon a steam saw-mill, a pier and wooden railway, to be used in their lumber business, they bought the said cars, and, in 1856, placed them on said railway, where they continued, until after the alleged trespass, in use in said business by said Bridgman, in common with Joseph W. Howe. August 1st, 1857, the firm conveyed said land to Warren Wheeler. August 3d, 1857, they executed to Wheeler a chattel mortgage, including the property mentioned in said declaration, all fixtures on said land, and other property—said mortgage authorizing the mortgagors to remain in possession.

December, 1857, Wheeler entered into possession of all the property, real or personal, and continued in undisputed possession for eighteen months, employing said George Bridgman and Joseph W. Howe.

In August, 1858, the defendant in error commenced an attachment suit against said firm in Berrien Circuit Court. January 5th, 1859, the property mentioned in the declaration, being in Wheeler's possession, defendant in error caused the same to be sold on execution in said attachment suit, and without any removal of the property mentioned in the declaration, made some verbal arrangement with Joseph W. Howe to take care of the property for him. Said Howe, jointly with

said Bridgman, then, before, and afterwards, using the property as a servant of said Warren Wheeler, who paid no attention to such arrangement, and continued in full use and possession of the property for five months thereafter, when Noah Gibson, who had a mortgage on the land aforesaid for $5,000, and interest from April, 1856, having obtained a decree in the United States Circuit Court for the foreclosure of said mortgage and sale of said real estate, and being about to proceed to sale, said Wheeler ceased to interfere personally with the property, and left the same in possession of said Joseph W. Howe and George Bridgman; and said Noah Gibson having obtained a master's deed of said real estate, with all the privileges and appurtenances, said Joseph W. Howe and George Bridgman, on the 28th day of November, 1859, jointly executed a lease, hiring from said Gibson said realty, expressly including the mills, railroad and pier, with appurtenances, until April 1st, 1860; and, as co-tenants of Gibson, held possession of the property described in said declaration. On the 29th day of November, 1859, the plaintiffs in error, Elijah Cowles and Edward Bacon, entered into a written agreement to purchase said real estate from said Gibson, and for holding the same in common with George Bridgman.

December 20th, 1859, Noah Gibson sold to said Elijah Cowles, his heirs and assigns, said real estate, describing the same as the Charlotteville mill property, including the Charlotteville mills, and authorized said Elijah Cowles to take possession and use thereof as he pleased after April 1st, 1860. May 2d, 1860, the plaintiff in error, David Bacon, acting jointly with Bridgman and the other plaintiffs in error, is alleged to have taken the property described in the declaration from Joseph W. Howe, there being at no time any removal of said property. September 6th, 1860, Warren Wheeler commenced an action of trespass in the United States Court against the defendant in error; his declaration naming the property described in the aforesaid declaration of the defendant in error, and much other property, but omitting the locomotive.

BACON v. KIMMEL.

April 22d, 1861, the defendant in error commenced his aforesaid action of trespass in the Berrien Circuit Court against the plaintiff in error. June, 1863, Warren Wheeler recovered judgment in his aforesaid action of trespass, in the United States Court, against George Kimmel, the defendant in error, and the judgment was afterwards paid.

George Kimmel, defendant in error, having obtained an order in Berrien Circuit Court setting aside the levy and sale in said attachment suit, filed his affidavit in January, 1864, stating that the judgment in said attachment suit was in no part satisfied, and obtained an order for a new execution for the whole amount of said judgment in the attachment suit aforesaid.

The plaintiff in error requested the court to charge as follows:

1st. That, by the terms of the chattel mortgage from the Howes and Bridgman to Wheeler, offered in evidence by the plaintiff, the property therein described was not subject to attachment, or to levy and sale on execution issued, on the judgment rendered in Berrien Circuit Court in favor of plaintiff against said mortgagors, and which the plaintiff has offered in evidence; and such pretended levy and sale, offered in evidence by plaintiff, was illegal and void, and plaintiff thereby acquired no title to any of such property.

2d. That, it appearing in evidence that the said plaintiff, in January, 1864, or about that time, caused the said illegal levy and return made by the sheriff on the said execution, before then issued on said judgment, to be set aside by the said Circuit Court and held for naught, he, the said plaintiff, can have or claim no title to said property through or by means of said levy or sale.

3d. That the judgment in favor of Wheeler v. Kimmel, purporting to have been rendered in the United States Circuit Court at Detroit, in June, 1863, and which the plaintiff has given in evidence in this suit, cannot avail the plaintiff to give him title by relation back to the time of the alleged trespass,

and prior to the commencement of this suit, so as to enable him to maintain this action for trespass against the defendants.

Which requests were refused and exceptions taken.

Judgment was rendered for plaintiff below for $1890.

*E.* and *D. Bacon*, for plaintiff in error.

1. The said attachment proceedings gave no title, because the defendants in said proceedings had transferred to Warren Wheeler all their title by means of the chattel mortgage given in evidence, being before the attachment, and who had entered into possession of the property.—3 *Mich.* 104; 4 *Id.* 295; 24 *Ill.* 633.

2. Because the evidence shows that said proceedings were, on motion of defendant in error, set aside and held for naught by the court below; and George Kimmel's affidavit to obtain a new execution in the attachment suit is a sworn disclaimer of all title to the property in question. — 1 *Cowen,* 711, 622; 1 *Mich.* 105; 2 *Caines,* 61; 2 *Hammond,* 395; 1 *Dana,* 419; 4 *Mass.* 99; 2 *Aikens,* 299; 23 *Pick.* 465; 3 *Hill,* 371.

3. The record of Warren Wheeler's proceedings in the action of trespass in the United States Court, through which the plaintiff claims title, was inadmissible and useless in evidence; the judgment being long subsequent to the commencement of this suit. — 5 *Johns.* 54; 6 *Id.* 44; 2 *B. Monroe,* 490; 10 *Mich.* 496; 8 *T. R.* 330; 39 *Me.* 448..

*F. Muzzy,* for defendant in error.

The objections to the admission of the proceedings in the case of Wheeler v. Wheeler in the United States Court resolve themselves into a question of irrelevancy.

A judgment will not be reversed on account of the admission of irrelevant testimony. — 7 *Blackf.* 598.

Possession was sufficient for the plaintiff to maintain this action, unless the defendant showed title.

Though the levy and sale were in part set aside, the court will regard as done, what was intended. The application was

after Kimmel had paid the judgment in the United States Court, and made under section 4482 of Comp. Laws.

CHRISTIANCY J.

The plaintiff below (defendant in error,) failed to establish any right of recovery in this action of trespass against the defendants. He based his claims upon two grounds, not very consistent with each other: *First,* The levy and sale under the attachment in a suit brought by himself against the two Howes and Bridgman, which could give him no right of property or possession, if the defendant in the attachment had none: *Second,* Upon the judgment obtained by Wheeler against himself in the United States Court for the trespass, in taking the same property, and his satisfaction of that judgment, which he claims had the effect to vest the property in himself; a result which could only follow from the ownership of the property by Wheeler, at the very time when it must have been owned by the Howes and Bridgman, to maintain his right under the attachment.

But without reference to the inconsistency of these two grounds—upon which we do not rest our opinion—it is sufficient for the decision of this cause that he fails to show any right of recovery upon either.

The attachment, levy, and sale to the plaintiff could vest in him no right to the property, nor tend in any degree to support his action, for two reasons, either of which is sufficient: *First,* The attachment suit was against the two Howes and Bridgman; and, at the time the property was taken upon the attachment it was in possession of Wheeler under the chattel mortgage, previously executed to him by them, the time of payment having expired, and the mortgage, by its terms, become absolute; and it continued in his possession under the mortgage up to the time of sale. The property, therefore, was not subject to attachment or sale in the suit against the Howes and Bridgman, the mortgagors. — *Tannahill v. Tuttle,* 3 *Mich.* 104; *Eggleston v. Mundy,* 4 *Mich.* 295.

But, *Second*, Had there been no mortgage in the case, and the attachment and sale had been valid, the subsequent order of the court in the attachment suit, granted upon the plaintiff's own affidavit and motion, setting aside the levy and sheriff's return of sale, and giving a new execution, on the ground that the property did not belong to the defendants in the attachment, would effectually bar any claim of the plaintiff to the property or possession acquired by the attachment and sale.

As to the second ground upon which the plaintiff sought to maintain his action, the judgment against himself in favor of Wheeler, in an action of trespass for taking and carrying away the same property, and the satisfaction of that judgment, we think it equally unavailable against these defendants in an action of trespass, whatever might have been its effect in an action of trover.

Admitting, for the purposes of this case, that the recovery of that judgment by Wheeler and its satisfaction by the plaintiff had the effect, as between them, to vest the right of property and the possession in the plaintiff; and that, as between them, it related back so as to perfect the plaintiff's title from the time of the trespass for which that judgment was obtained, still it could not affect the defendants in this suit so as to make them trespassers as against the plaintiff, as the declaration was for a taking which occurred more than two years before that judgment was obtained. There is no evidence in the case tending to show that at any time during the period covered by the declaration, or for two years after this suit was commenced, the plaintiff had any right whatever to the property or its possession, nor tending to show that in obtaining the possession of the property the defendants were guilty of a trespass against any one, much less against the plaintiff. And whatever effect the recovery and satisfaction of Wheeler's judgment against the plaintiff may have had, as between them, by relation back, it cannot by such relation make the defendants trespassers for acts which did not constitute a

trespass as against the plaintiff at the time they were committed.—*Liford's Case*, 11 *Coke*, 51; *Menvill's Case*, 13 *Coke*, 21; *Case v. De Goes*, 3 *Caines*, 261; *Smith v. Milles*, 1 *T. R.* 480; *Balme v. Hutton*, 9 *Bing.* 471; *Jackson v. Bard*, 4 *Johns.* 234; *Jackson v. Douglass*, 5 *Cow.* 458.

The court below was requested, but refused, to charge in accordance with the principles above expressed. The judgment must be reversed, with costs, and a new trial granted.

The other Justices concurred.