JUDD, appellant, v. SEEKINS *et al.*

*Estoppel* — *covenant in deed* — *when grantor not estopped by.*

Defendant, being in possession of premises under a land contract executed to
    him by plaintiff, and having paid the purchase price and being entitled to a
    deed, gave a mortgage on the premises to S. & P. to secure a debt. Subse-
    quently plaintiff gave a warranty deed to defendant and then took an assign-
    ment of the mortgage from S. & P. In an action to foreclose the mortgage,
    *held* that plaintiff was not estopped by the warranties in the deed from
    insisting on the lien of the mortgage.

APPEAL from a judgment at circuit dismissing the complaint.
The action was brought by the plaintiff, Harrison Judd, to fore-
close a mortgage to secure $953.28, executed by the defendant,
William Seekins, to Sellew & Popple, on the 24th of December,
1869, and recorded January, 1870. Said mortgage was assigned to
the plaintiff on the 17th of April, 1873. On the 24th of November,
1869, defendant Seekins was in possession of the premises mentioned
in the mortgage, under a land contract executed to him by plaintiff,
and had paid the purchase price and was entitled to but had not
received a warranty deed. The mortgage was given as security on
notes of defendant Seekins and one Wright to Sellew & Popple, the
mortgagees, which notes were indorsed by plaintiff for the accommo-
dation of the defendant Seekins and said Wright, and when they
matured they were paid by the plaintiff, who subsequently, and after
the giving of said deed, took an assignment of said mortgage.

The case was tried by the court without a jury and judgment
rendered for the defendant, on the ground that plaintiff was con-
cluded by the warranties in his deed. Plaintiff appeals to this
court.

*W. Woodbury*, for appellant.

*Wm. H. Henderson*, for respondents.

E. DARWIN SMITH, J. The conclusion of the learned judge who
tried this cause at special term, that the said mortgaged premises
was discharged from the lien of said mortgage by the terms of said
deed so delivered on the 14th day of April, 1873, and that the plain-
tiff is estopped by his covenants in said deed contained from en-

forcing the mortgage as a lien on said premises, if it be correct, quite obviously does great practical injustice. It converts a covenant against incumbrances, which is really a covenant that the premises are free from any incumbrances created, done or suffered by the grantor and the covenant of warranty, which is a covenant that he will warrant and defend the grantee against any such incumbrance and against any lawful claim by which the grantee may be deprived of the premises by force of a paramount title into a covenant against the grantee's own acts and against liens and incumbrances by him created. This is repugnant to the very nature, design and office of such covenants, and I cannot think they require, if they admit of any such construction.

When this deed was delivered, April 14, 1873, the said mortgage was outstanding in the hands of Sellew and Popple, and the same was assigned to the plaintiff on the 17th day of April, three days afterward. At the time of such assignment the title had vested in the defendant, and the plaintiff might lawfully acquire title to said mortgage, which as a lien and incumbrance upon the legal estate could not take effect till after the conveyance of such legal estate to the mortgagor. In this view the mortgage became and was a valid legal lien upon the land after the conveyance of the legal title to the defendant, and is not affected or covered by the covenants in the deeds. The defendant would thereafter be estopped from denying the validity of such mortgage.

But a better and perhaps a sounder view is to hold, as I think it the duty of a court of equity to do in furtherance of justice, as no other parties or persons are interested in the question, that this deed, by relation, took effect at its date. The land was then paid for by the mortgagor. In the mortgage such deed is referred to, as then existing, in these words : " Being the same premises conveyed to the said William Seekins by Harrison Judd and wife, and reference to the said deed is hereby had for a more particular description of said premises." This mortgage is dated December 24, 1869. The deed produced on the trial by the defendant was dated February 1, 1869, and was acknowledged November 24, 1869. The mortgagor, at the date of the mortgage, was in possession of the premises ; had paid the whole purchase-money and was then entitled to his deed. To do equity between these parties and give full effect to the mortgage, this deed having been made, executed and acknowledged previously to the giving of said mortgage, should be

deemed to have taken effect as a valid deed, either at its date or at the time of the acknowledgment of the same within the cases. *Heath* v. *Ross*, 12 Johns. 140; *Jackson* v. *Bard*, 4 id. 234; *Case* v. *De Goes*, 3 Cai. 263; *Pratt* v. *Potter*, 21 Barb. 592; *Jackson* v. *Bull*, 1 Johns. Cas. 81.

In the case of *Pratt* v. *Potter, supra,* Judge HARRIS, speaking of the relation of sheriff's deed to the time of the sale, said: "Where a deed is executed in pursuance of a previous contract the deed will be held good by relation, from the time of making the contract, for the purpose of upholding an intermediate sale by the grantee," and refers to several of the cases above cited.

This doctrine may be further applied in this case, as Judge THOMPSON, in *Case* v. *De Goes, supra,* said it might be betwixt the same parties to advance a right. The defendant also should be considered estopped from asserting to the contrary by the express reference to such deed in the mortgage executed by him.

In a court of equity for the protection of the equitable rights of the parties and to prevent injustice, I have no doubt that the covenants against incumbrances and of warranty, contained in the plaintiff's deed to the defendant, may and should be construed as relating to the date of the deed.

This gives effect to the mortgage as a legal incumbrance also from its date, and prevents any claim of merger of the equitable with the legal estate in the plaintiff, which is never to be enforced in equity against the intention and clear equity of the parties. *Chamney* v. *Coope*, 32 N. Y. 543; *Bascom* v. *Smith*, 34 id. 320; *Sheldon* v. *Edwards*, 35 id. 279.

As these views lead to a reversal of the judgment, I will abstain from discussing other views of the case which may be varied on a new trial.

The judgment should be reversed and a new trial granted, with costs to abide the event.

*Judgment reversed and new trial granted.*