BROWN, P. J., and PRATT, J., concurred.

Order affirmed, with costs.

In the Matter of the Voluntary Dissolution of the LEWIS & FOWLER MANUFACTURING COMPANY.

CHARLES G. DOBBS, as Temporary Receiver, Appellant; JOHN BOYLE and W. H. MACY, Respondents.

*Corporation — voluntary dissolution thereof — receiver's title vests only on the filing of his bond — levy on execution after his appointment but before the receiver's bond is filed.*

Upon an application for an order to set aside a levy made by the sheriff under an execution, it appeared that John Boyle and W. H. Macy obtained a judgment against the Lewis & Fowler Manufacturing Company on January 21, 1895, that execution was issued upon said judgment the same day and a levy was made thereunder by the sheriff. The suit in which the judgment was obtained was commenced in the City Court of New York by the personal service of the summons on the Lewis & Fowler Manufacturing Company on January 12, 1895. The time to answer in said action expired on the 18th of January, 1895, and on

the evening of that day a demurrer to the complaint was served on behalf of the defendant upon the attorney for Boyle and Macy. On January 21, 1895, a motion was made for judgment upon the demurrer as frivolous, which motion was granted without opposition, and judgment was thereafter entered.

A petition for the voluntary dissolution of the Lewis & Fowler Manufacturing Company had been presented to the Supreme Court on January 18, 1895. On the next day an order was entered appointing a temporary receiver and enjoining the prosecution of all suits against the company, including those already commenced. The temporary receiver, who was required by the order appointing him to file a bond, did not file his bond until the 22d of January, 1895.

*Held*, that the interposition of the demurrer on behalf of the Lewis & Fowler Manufacturing Company in the action brought against it by Boyle and Macy was a fraud upon them and upon the due administration of justice;

That Boyle and Macy acquired a lien upon the personal property of the company upon the delivery of their execution to the sheriff;

That although, when the receiver filed his bond, his title related back to the time of his appointment, still it did not relate back for the purpose of destroying vested rights, or for any other unjust purpose, and that it would be unjust and wrong to permit the vested rights of Boyle and Macy, which they had acquired by virtue of the execution upon their judgment, to be divested thereby;

That the lien of Boyle and Macy was not destroyed by the filing of the receiver's bond, and that the receiver took title to the property subject to that lien and subject to the rights of Boyle and Macy to have their judgment paid out of the property before any right of the receiver attached.

APPEAL by Charles G. Dobbs, as temporary receiver of the Lewis & Fowler Manufacturing Company, from so much of an order of the Supreme Court, made at the Kings County Special Term and entered in the office of the clerk of the county of Kings on the 8th day of February, 1895, as provides : " And it is further ordered that the execution upon the judgment for $1,886.91, entered in the City Court of New York on January 21, 1895, in favor of John Boyle and W. H. Macy against the Lewis & Fowler Manufacturing Company, be also paid in like manner."

*Moore, Wallace & Dudley*, for the appellant.

*Daniel S. Remsen*, for the respondents.

DYKMAN, J. :

This is an appeal from an order denying a motion to set aside a levy made by the sheriff under an execution in favor of John Boyle and William H. Macy on a judgment entered in the Supreme Court

of New York on the 21st day of January, 1895, which execution was issued to the sheriff of Kings county on the same day, subsequent to the filing of the order appointing a receiver, and prior to the time when the receiver filed the security required by law.   A petition for the voluntary dissolution of the above-named company was presented to the Supreme Court at Special Term on the 18th day of January, 1895, and on the next day an order was entered directing all persons interested in the company to show cause on the 8th day of June, 1895, why it should not be dissolved, and appointing Charles G. Dobbs temporary receiver with a bond of $50,000, and enjoining the prosecution of all suits, including those already commenced.

The temporary receiver named filed his bond on the 22d day of January, 1895.   Judgment for $2,841.06 in favor of I. T. Williams and others was entered on January 17, 1895, against the Lewis & Fowler Manufacturing Company, and a judgment for $1,529.10 in favor of the Street Railway Publishing Company was entered on January 19, 1895, against the Lewis & Fowler Manufacturing Company.   On the same morning, but before the receiver was appointed, execution was issued on those judgments and a levy was made before the order of January nineteenth, appointing the receiver, was entered.

After the appointment of the receiver, but before he filed his bond, and on January 21, 1895, a third judgment was entered against the company for $1,886.91 in favor of John Boyle and W. H. Macy.   Execution was also issued on this judgment and delivered to the sheriff who claimed to hold possession of the property upon which he had levied by virtue of the three executions upon the three judgments.   The receiver was in possession of funds of the company sufficient to pay all three of these judgments, but he desired to pay two and have the levy under the execution upon the Boyle and Macy judgment set aside.

The facts in relation to the recovery of the latter judgment are these :

The suit was commenced by the service of a summons on the company on the 12th day of January, 1895.   The action was based upon a duly accepted draft for the payment of money.   The draft was set out in the complaint, which was duly verified.   The time to

answer expired on the 18th day of January, 1895, and on the evening of that day a demurrer to the complaint was served upon the attorney for the plaintiffs. On the twenty-first day of January a motion was made for judgment upon the demurrer as frivolous. The motion was granted without opposition, and a judgment in favor of the plaintiffs was entered on the same day, January twenty-first, at ten-thirty-five o'clock in the forenoon of that day.

Immediately thereafter a transcript of the judgment was duly docketed in the office of the clerk of Kings county, and an execution was issued to the sheriff of the county of Kings at eleven-five o'clock on the 21st day of January, 1895. At that time the receiver had not qualified by filing the security required by law.

Boyle and Macy were delayed by the frivolous demurrer of the defendant to their complaint. If the demurrer had not been interposed, their judgment would have been entered on the nineteenth day of January, before the order was made appointing the receiver, and then the execution upon their judgment would have been entitled to a priority. The interposition of the demurrer was a fraud upon the plaintiffs Boyle and Macy, and upon the due administration of justice. There was no defense to the action, and the complaint was sufficient. The execution upon the judgment of Boyle and Macy was executed and issued to the sheriff on the twenty-first day of January in the forenoon, as we have seen. The receiver had not then taken possession of the property, and was not entitled to do so until he had filed his bond, which he did the next day. Boyle and Macy acquired a lien upon the personal property of the company upon the delivery of their execution to the sheriff, but when the bond of the receiver was filed, his title related back to the time of his appointment, which was anterior to the lien of Boyle and Macy under their execution. (*Matter of Christian Jensen Co.*, 128 N. Y. 550.)

Their lien was, therefore, divested, if the doctrine of relation is allowed its full force against them. That doctrine is a fiction of law which was adopted for the advancement of right and justice, and resort is made to it for no other purpose. It is not adopted where third parties, who are not parties or privies, will be prejudiced thereby. In fact, fictions in law are never to be implied to perpetuate a wrong or defeat collateral acts which are lawful and

concern strangers. (*Pierce* v. *Hall*, 41 Barb. 146; *Jackson* v. *Davenport*, 20 Johns. 551; *Heath* v. *Ross*, 12 id. 140.)

It will, therefore, be no violation of the principles which underlie the doctrine of relation to exempt the judgment of Boyle and Macy from its operation and subject the title of the receiver to the lien of their judgment.    On the contrary, it would be quite inconsistent with the doctrine of relation to subordinate the rights of Boyle and Macy to the title of the receiver.    Fiction is not fact.    It is not equivalent to fact.    The fact was that plaintiffs Boyle and Macy acquired a lien upon the property of the defendant on the 21st day of January, 1895, at ten-thirty-five o'clock in the forenoon.    At that time the receiver had no title to the property of the defendant, and no right to interfere with it in any manner or for any purpose. On the 22d day of January, 1895, the receiver filed his official bond, and the title to the property vested in him in fact and in law at that time.    By a fiction of law, his title related back to the day of his appointment for some purposes, such as its preservation and protection, but not for the purpose of destroying vested rights, or for any other unjust purpose.    It would be unjust and wrong to permit the vested rights of the plaintiffs Boyle and Macy, which they had acquired by virtue of the execution upon their judgment, to be divested by fiction.

Our conclusion, therefore, is, that the lien of the plaintiffs Boyle and Macy was not destroyed by the filing of the bond of the receiver or in any other manner; that such lien continued, and the receiver took title to the property subject to that lien, and subject to the rights of Boyle and Macy to have their judgment paid out of the property before any right of his attached.

The order should be affirmed, with ten dollars costs and disbursements.

BROWN, P. J., and PRATT, J., concurred.

Order affirmed, with ten dollars costs and disbursements.