Jonathan Case *against* Peter De Goes, and Others.

NEW-YORK,
Nov. 1805.

Case
v.
De Goes, and others.

TRESPASS for cutting down and carrying away a quantity of saw-logs, after notice of title, and being forbidden. The defendants justified under a licence from one *Abraham Bull*, who at the time of the trespass, was in possession, by virtue of a writ of restitution, awarded upon an indictment against the now plaintiff, for a forcible entry and detainer, which was afterwards quashed for irregularity, and re-restitution directed.

A verdict having been found in favor of the plaintiff, a motion was now made to set it aside, on the following grounds. 1st. That as he was not in actual possession when the trespass was committed, the action would not lie. 2d. That if maintainable at all, it was against *Bull*, who possessed the *locus in quo* at the time.

*Foote* for the plaintiff. Those claiming under title, from a person who has been turned out of possession, in consequence of quashing an indictment for forcible entry and detainer, are trespassers themselves. *Com. Di. tit. Trespass.* B. 2. " A disseisee shall have trespass against a " stranger, for a trespass done during the disseisin, for by " re-entry, he revests the possession in himself *ab initio,*" citing 2 *Roll.* 554. *l.* 39. So here, by the re-restitution, we are as if we never had been out of possession;* it follows, therefore, that we are entitled to all the remedies attendant on actual occupation.† 2 *Roll. Abr.* 550. *l.* 10. *Ibid.* 554. *Co. Litt.* 257 a. *Lifford's Case,* 11 *Rep.* 51. *Dy.* 316. *Moore* 461. *Holcombe* v. *Rawlyns, Cro. Eliz.* 540. 1 *Burr.* 81,§ and the decision of this court, in *Case* v. *Shephard.* The circumstance of being warned not to cut the timber, takes away all pretence of justification under the licence. They knew *Bull* to be a trespasser himself, and therefore unable to give permission.

*Woodworth* contra. On the general principles of law which govern the action, the plaintiff, as he was out of possession, cannot recover. *Bull* held under legal title by judgment of law. It was good so long as that judgment remain-

Trespass will not lie against a third person, acting under licence from one who was in possession under a writ of restitution awarded, on conviction for a forcible entry and detainer, by a court having jurisdiction, though the indictment be afterwards quashed, and a re-restitution directed; for a man cannot be a trespasser by relation.

* See *Gilbert's Tenures,* 47.

† See *Butler* v. *Baker,* 1 *Ander.* 352. *Godb.* 388. *Moore* v. *Hussey, Hob.* 98.
§ *Arguendo* by counsel.

I i

ed in force, unless it be contended, that the re-entry under the writ of re-restitution should relate back so as to affect third persons. This cannot be, because the justice had cognizance of the subject matter. It was within the scope of his general jurisdiction, and the rendering the judgment of restitution, was no more than what he was authorised to do. The present case, therefore, differs from those where the magistrate has no jurisdiction, and the proceedings *coram non judice*. *Perkins* v. *Proctor* and *Green*, 2 *Wils.* 285. The same reasoning applies to judgments reversed for error, as well as irregularity.

That the defendants were warned not to cut the wood, is immaterial. They had nothing to do with remote and latent claims, and the plaintiff can look only to the party in possession; to him in whose hands the land really was. In trespass, a constructive possession is not sufficient. 13 *Rep.* 2, 22.* This is there expressly said. " When any

* Menvill's
case.

" man recovers possession or seisin of land, by erroneous
" judgment," &c. " the same stands in force till reversed;
" and, therefore, the plaintiff in the writ of error, after
" the reversal, shall not have an action for a trespass
" *mesne*, because, he shall recover all the *mesne* profits
" against him who recovered; nor he that recovereth,
" shall be after barred of his action of trespass for a tres-
" pass *mesne*, by reason that his recovery is reversed,
" because he shall answer for all the *mesne* profits to the
" plaintiff in the writ of error." It is settled law, that the rights of third persons, are equally protected, whether they be under irregular or erroneous judgments.

*Per curiam*, delivered by THOMPSON, J. It has been submitted to the court to determine, whether an action of trespass can be sustained against the present defendants. I am satisfied, from an examination of the authorities, that it cannot. *Bull* was put into possession by the judgment and proceedings of a court having jurisdiction of the subject matter. These proceedings, however, having been set aside for irregularity, *Bull* may be considered a trespasser by relation, and he made answerable for the

NEW-YORK,
Nov. 1805.

damages. But it is a general rule with respect to the doctrine of relation, that it shall not do wrong to strangers, 16 *Vin. Ab.* 293. This rule is fully recognized in *Menvill's* case, 13th *Coke*, 21. where it is said, that by relation, a thing may be considered as annulled *ab initio*, betwixt the same parties, to advance a right ; but the law will never make such a construction to advance a wrong, or to defeat collateral acts, which are lawful, and principally, if they concern strangers. Thus, also, in *Lifford's* case, 11 *Coke*, 51, it is ruled, that where a person is disseised, the disseisee, after re-entry, can maintain trespass against the disseisor ; for the law, as to the disseisor and his servants, will suppose the freehold to have continued in the disseisee ; but not so with respect to strangers, who come in by right or title under the disseisor ; they cannot be made trespassers by relation. These authorities I think conclusive, in the present case, and go fully to exonerate the defendants. The defendants having been warned by the plaintiff not to cut the timber, cannot affect the question. They were not bound to enquire into the regularity of the proceedings by which *Bull* was put into possession. As it respected them, it was enough that he was there by the proceedings and judgment of a court of competent jurisdiction.

The opinion of the court, therefore, is, that the defendants are entitled to judgment.