HARRISON JUDD, Respondent, v. WILLIAM SEEKINS et al., Appellants.

Defendant S., being in possession of certain premises under a contract of sale from plaintiff, and having paid the purchase-price, executed a mortgage thereon, to secure certain notes indorsed for his accommodation by plaintiff. In the description in the mortgage it was stated as being the same premises conveyed by deed from plaintiff and wife, to which reference was had for a more full description. Plaintiff paid and took up the notes, and thereafter delivered to S. a warranty deed, with covenants against incumbrances, dated and acknowledged prior to the date of the mortgage, The mortgage was subsequently assigned to plaintiff. In an action to foreclose the same, *held*, that, conceding plaintiff became the owner of the mortgage when he paid and took up the notes, the covenant in the deed was not against incumbrances created by the grantor himself, and so did not include the mortgage. Also, that S., having in effect acknowledged by his mortgage a delivery of the deed prior thereto, was estopped from denying it or from questioning the validity of the mortgage; and that, if defendant could be allowed to show, notwithstanding the admission in the mortgage, that he had no title when he executed it, then the mortgage would not take effect until after delivery of the deed, and so it would not be affected by the covenant. And *held*, further, that, upon equitable principles, if necessary the deed would be regarded as taking effect, under the circumstances, at the time of its date or acknowledgment, or would be modified so as to preserve the lien of the mortgage.

(Submitted May 31, 1875; decided June 8, 1875.)

APPEAL from order of the General Term of the Supreme Court in the fourth judicial department, reversing a judgment in favor of defendants, entered upon a decision of the court at Special Term, and granting a new trial. (Reported below, 3 T. & C., 266.)

This action was brought to foreclose a mortgage executed by defendant William Seekins to secure the payment of a promissory note executed by him. The mortgage was dated December 24th, 1869, acknowledged the twenty-seventh, and recorded January 7, 1870. The description of the premises in the mortgage closed as follows: " Being the same premises conveyed to said William Seekins by Harrison Judd and wife, and reference to the said deed is hereby had for a more particular description of said premises."

The court found that at the time of the execution of the mortgage the mortgagor was in possession of the mortgaged premises under a contract with plaintiff for the purchase thereof; that the note was given by him in payment of machinery purchased by him and put into a saw-mill built by him upon the premises; that when the note became due three other notes were given in renewal which were indorsed by plaintiff for the accommodation of the mortgagor; that said notes became due prior to February 1st, 1872, and as they became due they were paid and taken up by plaintiff and were held by him; that on April 14th, 1872, plaintiff delivered to Seekins his warranty deed of the premises, with covenants that at the time of ensealing and delivery he was the lawful owner and was seized of the premises free and clear from all incumbrances.

The deed bore date February 1, 1869, and was acknowledged November 24, 1869. It appeared that at the time of executing the mortgage Seekins had paid the whole purchase-price. On May 17th, 1873, the mortgagee executed a formal assignment of the mortgage to plaintiff who commenced this action April 21st, 1873. As conclusion of law the court found that the premises were discharged from the lien of the mortgage by the terms of the deed, and that plaintiff was

estopped by his covenants therein from enforcing it, and thereupon directed a dismissal of the complaint.

*Henderson & Wentworth* for the appellants. When plaintiff paid up the renewal notes secured by the mortgage he became the owner of the mortgage. (*Patterson* v. *Hull*, 9 Cow., 747; *Jackson* v. *Blodgett*, 5 id., 202; *Parmelee* v. *Dunn*, 23 Barb., 461; *Wyman* v. *Smead*, 31 How., 1; *Severence* v. *Griffith*, 2 Lans., 38.) The deed took effect, at the time and upon its delivery. (1 Stat. at Large, 689, § 138; *Fisher* v. *Hall*, 41 N. Y., 416; *Stillwell* v. *Hubbard*, 20 Wend., 44.) Plaintiff was estopped by the covenants in the deed from enforcing the mortgage as a lien on the premises. (*Kent* v. *Harcourt*, 33 Barb., 491; *Jackson* v. *Wright*, 14 J. R., 193; *Jackson* v. *Stevens*, 16 id., 110.)

*W. Woodbury* for the respondent. Defendant had power to execute the mortgage, and having executed it cannot defend against the foreclosure. (*Doyle* v. *Pet. Co.*, 44 Barb., 237; *L. and T. Co.* v. *Curtis*, 3 Seld., 466.) Plaintiff, in equity, was divested of all right, title and interest in the premises at the time defendant executed the mortgage. (*McClaren* v. *Ins. Co.*, 1 Seld., 151.) The intention of the parties would have been violated to hold that the grantor in the deed intended to covenant against the direct acts of his grantee. (58 Barb., 36.) To prevent injustice, the doctrine of title by relation must be invoked. (*Jackson* v. *Bull*, 1 J. Cas., 85; *Heath* v. *Potter*, 21 Barb., 589; 4 J. R., 230.) The court at Special Term should have restrained the operation of the covenant in the deed, and done justice by compelling plaintiff to pay his own debt. (*Miller* v. *Avery*, 2 Barb. Ch., 582, 592; 58 Barb., 96; 3 Rob., 210.) Defendant, by his covenant in the mortgage to pay, is estopped from holding up his deed as a defence against his own act. (*Brooks* v. *Baker*, 6 J. Ch., 166; 1 Barb., 610.) The payment of the notes by plaintiff will not extinguish the mortgage. ( 2 Hayes, 304; 55 N. Y., 279; 34 id., 320; 35 id., 643.) The court should have modified the deed if no other

preventive could have been found. (24 N. Y., 200; 6 Paige, 189; 18 Wend., 407; 26 Barb., 263; 60 id., 216.) Simply paying up the notes did not give plaintiff a title, and, until the assignment of the mortgage, he had no title by which he could foreclose. (28 N. Y., 271; 1 id., 595; 2 Barb. Ch., 338; 10 J. R., 524; 4 J. Ch., 130; 36 N. Y., 44, 45; 33 Barb., 491–497.)

MILLER, J. The judge, at the trial, was clearly wrong in his conclusion that the mortgaged premises were discharged from the lien of the mortgage by the terms of the deed delivered on the 14th day of April, 1873; and the plaintiff estopped by his covenants in said deed, from enforcing said mortgage as a lien upon the premises. The covenant in the deed, that the premises were free and clear of all incumbrances, and the covenant of warranty, are designed to protect the grantee against any incumbrances done or suffered by the grantor; and against any lawful claim or other title by means of which the grantee might be deprived of his rights. Such covenants clearly do not embrace liens or incumbrances which the grantee himself may cause to be created against the premises. The construction placed upon these covenants was manifestly at variance with the design and purposes which they are intended to answer; and no case has been cited where it is held that such covenants are to be invoked against the acts of the grantee.

Independent, however, of this consideration, there are other insuperable objections which prevent the defendant from availing himself of the covenants in the deed of the plaintiff to him, as a defence to the action to foreclose the mortgage. When the mortgage was executed, the defendant William Seekins was in possession of the premises, under a contract with the plaintiff for the purchase of the same, and had paid the contract-price to the plaintiff. This deed bears date on the 1st day of February, 1869, and was duly acknowledged on the twenty-fourth day of November of the same year. In the mortgage executed by said defendant, it is

referred to, and admitted as an existing and valid deed; and, after the description of the premises therein by boundaries, it is stated that they are the same premises conveyed to the said William Seekins by Harrison Judd and wife; and reference as to the said deed is hereby had for a more particular description of said premises. The defendant thus conceded that the mortgage was executed after the deed; and that the deed had been executed and delivered prior to the mortgage. If it remained in the plaintiff's possession, it was with his assent, and for the defendants' benefit; and it is difficult to determine upon what legal ground, after he has by the most unequivocal language admitted to the contrary, the defendant can now claim that the deed was not actually delivered prior to the mortgage. As the defendant William Seekins admitted that the premises had been conveyed by a deed from the plaintiff and wife prior to the mortgage, he is, I think, estopped from now claiming that such deed was not delivered, and from questioning the validity of the mortgage. Under the circumstances existing, upon equitable principles, which may properly be invoked in a case like this, to further the ends of justice, the deed may also be regarded, by relation, as taking effect at the time of its date, or its acknowledgment. In *Pratt* v. *Potter* (21 Barb., 589) it was held that in cases where justice as between the parties requires it, and where it will not operate to the prejudice of third persons, a conveyance will be regarded as having been made at the date of the first act to which all the subsequent acts will have relation. (See also, *Jackson* v. *Bull*, 1 John. Cas., 85; *Jackson* v. *Bard*, 4 Johns., 230; *Heath* v. *Ross*, 12 id., 140; *Case* v. *De Goes*, 3 Cai., 261.) This rule is only resorted to in furtherance of justice; but the propriety of the application of it in a case where it will prevent the enforcement of a lien given to secure an honest demand and to carry out the intention of the parties, cannot be doubted. To sustain the mortgage as a lien and to prevent the merger of the same by the deed, the principle may also be invoked that, in equity, merger never takes place where the

requirements of justice or the intentions of the parties demand that it should not. (*Sheldon* v. *Edwards*, 35 N. Y., 279, and authorities cited.) Can it be said in the case at bar that the parties intended that the mortgage in question should be canceled without the payment of any consideration whatever? Clearly, not. And to avoid such a result the court would, I think, be justified in the exercise of its equitable powers, if it was necessary to do so, for the purpose of preventing injustice, to direct that the deed be modified so as to preserve the lien of the mortgage. (*Champlin* v. *Laytin*, 6 Paige, 189.)

The counsel for the defendant claims that when the plaintiff had paid the renewal notes and become the holder of the same and of the mortgage, he was the only person who had a legal and equitable interest therein. Concede that this position is a sound one, and that the assignment executed on the seventeenth of April, three days after the deed was delivered, must date back as of the time when the last note was paid, the defendant is met by the difficulty that he has admitted the execution of the deed prior to the mortgage, and, with the application of the equitable principle that the deed by relation must be considered to take effect at the time of its date or acknowledgment. The same remark disposes of the point made, that the date is no part of the substance of the deed, and its true date, or life, commences upon its delivery.

The question raised, that the covenants estops the plaintiff from asserting any thing to the contrary, is covered by what has already been remarked, and no other point urged demands comment.

It may be added in support of the validity of the mortgage, that if the defendant had no title at the time of the execution of the mortgage, in opposition to his admission in the mortgage, then the mortgage would not take effect and become a lien upon the land until the delivery of the deed; and as it then became such lien, the covenants in the deed did not affect it.

There should be judgment absolute for the plaintiff, with costs.

All concur; ANDREWS, J., not sitting.

Order affirmed, and judgment accordingly.