# New York Marine Court.

*General Term—October*, 1880.

## FRANCIS S. BEVANS *against* WALTER S. PIERCE ET AL.

## HENRY W. FARLEY *against* THE SAME.

Supplementary proceedings against third person indebted to the judgment debtors. What creates a priority of lien on the fund sought to be reached. The doctrine of relation, how far applicable.

Appeal by Fannie S. Bevans, plaintiff in the first of the above entitled actions, from an order made at special term, directing certain moneys in the hands of Henry T. Coates, a third person indebted to the judgment debtors, to be applied on the judgment held by Henry W. Farley *et al.*, the plaintiffs in the second of said actions.

*Coudert Brothers* and *John N. Lewis*, for appellant.

*J. R. Moses, Jr.*, and *E. Thorn* for respondents.

McADAM, J.—An injunction contained in an order for the examination of a judgment debtor or a third person having moneys owing or property belonging to him is inoperative until served. Until such service the third person incurs no risk in paying the money or delivering the property to the debtor or upon his order. If the third person has actual knowledge of the injunction and information of its contents this circumstance may impose upon him the duty of respecting it, so far as the pecuniary rights of creditors are concerned (see Livingston *v.* Swift, 23 *How.* 1 ; 4 *Paige*, 405 ; 2 *Barb. Ch. Pr.* 275 ; 1 *Duer*, 513, 553). So far

as the dignity of the officer is concerned personal service is generally required (Livingston v. Swift, *supra*). There is no evidence to be found in the appeal book showing that either the judgment debtors, the third person or Fannie S. Bevans, the judgment creditor in the action first entitled, had any knowledge or notice, actual or constructive, that Henry W. Farley and his co-plaintiff had obtained any order for the examination of Mr Coates, the third person, or that any injunction was in existence forbidding him from paying over or otherwise disposing of the fund in his hands belonging to the judgment debtors, until such order was actually served. If he had paid them at any time prior to the service of the order in the suit of Farley *et al.*, the payment would have been valid as against their order or the proceedings founded upon it, and this whether he intended to assist the judgment debtors or not. There was no legal impediment to the payment. He did not pay, however, and was served with an order for examination at the suit of Mrs. Bevans, and with the usual injunction contained in such orders. The service of this order created a lien in favor of Mrs. Bevans, which was not displaced by the order subsequently served by the Farleys, although their order was obtained first (Lynch v. Johnson, 48 *N. Y.* 33 ; Voorhis v. Seymour, 26 *Barb.* 569 ; Becker v. Torrence, 31 *N. Y.* 631). There is no lis pendens as to a supplementary order and injunction until due service is made of a copy thereof, certainly not until actual notice in some form. That Coates intended to favor Mrs. Bevans there is little doubt ; that he facilitated her in securing the service of process on him is apparent, but this, unaccompanied with knowledge of the Farley order, cannot make her proceeding collusive to the extent of postponing her lien until Farley's judgment is first paid. Both, being judgment creditors, stand on an equal footing ; and the vigilant creditor

Bevans v. Pierce.

who secures the first lien in proceedings of this kind, obtains a priority which cannot be postponed on the mere ground that circumstances favored the former which were denied to the latter. Even a debtor may favor one creditor over another by preferring him in his general assignment. Yet this circumstance has never been regarded as proof of collusion between the debtor and the creditor preferred, nor has the priority so given been in any case postponed on account of such preference. There is, therefore, nothing in the present case which calls for the application of the exceptionable rule invoked by the judgment creditor Farley ; and the fund in question must, therefore, be disposed of in the ordinary way, according to priority of lien, and the maxim *qui prior est tempore, portior est jure.* The doctrine of relation, by which the supplemental order in the Farley case might, as to the debtors, be held to relate back to the day on which it was granted, does not extend to creditors who have secured their liens after the issuing, but prior to the service of the order. The doctrine just referred to is a mere fiction of law, which cannot be allowed to prejudice liens lawfully acquired by strangers to the proceeding (see cases collated in Jackson v. Davenport, 20 *Johns.* 551 ; Case v. De Goes, 3 *Caines,* 261 ; Heath v. Ross, 12 *Johns.* 140).

Whether the judgment by Mrs. Bevans is fraudulent and collusive is a matter which the court of common pleas must determine in the action brought therein with a view of having it so declared. There is nothing before us to warrant such an adjudication. It follows, therefore, that the order of the special term must be reversed, and an order made directing that the fund be applied on the Bevans judgment.

GOEPP and SHERIDAN, JJ., concurred.