WILSON *v.* GEORGE DRAKE SMITH & CO. *et al.*

(*Supreme Court, General Term, First Department.* March 29, 1889.)

1. MORTGAGES—LIEN—PRIORITIES—JUDGMENT.

Where it is agreed that a conveyance shall be made, and that a mortgage of the property shall be given to secure the price and an advance by the vendor, and a mortgage, reciting that it is for purchase money, is given by the vendees, and a deed is not given until a year after the record of the mortgage, and the deed contains covenants of seisin and for quiet possession, and against incumbrances, the mortgage is valid as against a judgment confessed by the vendees to secure a loan.

2. SAME—WAIVER—EVIDENCE.

Two witnesses testified that the mortgagee had informed the judgment creditor, before the loan was made, that he had put the money which he had advanced into the mortgagors' business, and that it was at the risk of that business; that a statement of the condition of the mortgagors' business, not including the debt, was made by the mortgagors; that the loan was made on the statement; and that the statement was approved by the mortgagee. The mortgagee and one of the mortgagors contradicted this. *Held,* that a finding in favor of the mortgagee would not be disturbed, especially as it was not certified that all the evidence was contained in the case.

Appeal from special term, New York county.

Mortgage foreclosure by John A. Wilson against George Drake Smith & Co. and George Drake Smith. Defendants appeal.

Argued before VAN BRUNT, P. J., and BRADY and DANIELS, JJ.

*S. F. Kneeland,* for appellants. *James F. Higgins,* for respondent.

DANIELS, J. The judgment recovered is for the foreclosure of a mortgage executed by the defendants James A. Willoughby and Charles Willoughby to the plaintiff, to secure the sum of $10,000, with interest. The property described in the mortgage was a certain factory, with the machinery and improvements contained therein, lying and being at Fordham, in the city and county of New York, and known and designated on a certain map of property at Fordham by numbers 483 and 484, on the easterly side of Hoffman street, 183 fete south of Pelham avenue. The building is then stated to cover two lots owned by James A. Willoughby, and the mortgage to be given to secure the payment of a part or portion of the purchase money for the premises and the machinery. The title to these two lots was in the plaintiff when the mortgage was executed and delivered to him, and after that time, and over a year subsequent to the record of the mortgage, the plaintiff executed and delivered to James A. Willoughby, one of the mortgagors, a conveyance of this property, and in the conveyance covenanted that he was lawfully seised of an absolute and indefeasible estate of inheritance in fee-simple of the premises conveyed, and that the same were free and clear of incumbrances, grants, titles, charges, estates, judgments, taxes, and assessments; and this was followed by a covenant for quiet possession. The appellant George Drake Smith & Co., Limited, advanced money to the mortgagors, for which judgments were confessed by them; and these judgments, under the circumstances, were relied upon as being prior liens upon the property to the plaintiff's mortgage. But it appeared by the proof that the agreement and understanding of the parties were that the plaintiff should convey this property to the mortgagors, and receive the mortgage executed and delivered to him as security for its purchase price and the advance of money made by him to them, and it was to carry out this understanding that both the mortgage and the deed were afterwards executed and delivered. When the mortgage was made, the title of the plaintiff to the property was recognized and conceded in it; and, while the language contained in the deed was very broad as to the title and incumbrances upon the property, it is not to be construed, and was not intended, to exclude or supersede this mortgage, which was given to secure their obligations to the plaintiff. These features of the case place it within the decision which was made

in *Judd* v. *Seekins*, 3 Thomp. & C. 266, affirmed 62 N. Y. 266, sustaining the validity of the mortgage.

The judgment creditor endeavored to avoid this effect by evidence stating the fact to be that the plaintiff had informed its officers, before its indebtedness was created, that he had put the money into the business which he had advanced to the firm of Willoughby & Willoughby, and that it was at the risk of that business. A statement of the condition of the business, not including the mortgage or the mortgage debt, was made by the firm, and presented to the creditor, and upon that the testimony of the officers of the company tended to prove that their money was advanced, and the indebtedness to them was created, and that this statement was approved and sanctioned by the plaintiff as a correct statement of the affairs of the debtors. The evidence of two witnesses was given to establish this defense, and in that manner to avoid the effect of the mortgage as a preceding incumbrance upon the property; but it was met by the positive testimony of .the plaintiff, denying that he had made either of the statements relied upon for this object. And in his denial he was corroborated by the testimony of the witness Willoughby, one of the mortgagors. This created nearly an evenly balanced contention in the oral testimony given upon the trial, and the probability of its truth was in some degree at least increased by the fact that the plaintiff held the mortgage, and in no manner stipulated to surrender or postpone it, and in no way became a party to the statement of the financial condition of the debtors, as that was made out and presented by them to the company recovering the judgments. The court accordingly, having the witnesses before it, was in a condition intelligently to judge and determine whether or not the defense had in this manner been made out. That determination was adverse to the judgment creditor, and depending upon this state of the evidence it certainly cannot be held to be unsupported by the proof, especially as it is not certified that all the evidence which was given was inserted or contained in the case. *Porter* v. *Smith*, 35 Hun, 118.

Exceptions were taken to rulings made concerning the admission of evidence, but neither of them appears for any cause to be well sustained. The evidence which was received was admissible to prove the agreement and understanding which resulted in the execution of the mortgage and the delivery of the deed. No error of any substantial nature has been disclosed by the proceedings upon the trial, and the judgment should be affirmed, with costs. All concur.