BERNDT v. BERNDT et al.

(Supreme Court, Special Term, Niagara County.)

MORTGAGES—ASSIGNMENT—MERGER.

　　Plaintiff was the owner of an undivided interest in mortgaged premises which he acquired by descent. The premises were subject to a dower interest which attached at the same time that plaintiff acquired his title. After becoming vested with his title, plaintiff took an assignment of the mortgage. Held, that the mortgage lien was not thereby merged in the greater title, since the intermediate dower interest prevented their union.

Action by Emil Berndt against Wilhelmina Berndt and others to foreclose a mortgage. Motion for confirmation of report for computation granted, and judgment of foreclosure directed.

Warner & Lindsay, for the motion.
Richard Crowley, for subsequent lienors.

SPRING, J. The plaintiff is the owner of an undivided one-eighth of the mortgaged premises, subject to an unadmeasured dower interest covering the whole thereof. He, in common with his co-owners, acquired title thereto by descent, and the dower interest became a charge upon the land at the same time his undivided interest became vested. The whole premises were incumbered by the two mortgages in suit prior to the vesting of the title in the plaintiff, and after his ownership in fee he became the owner of the mortgages by assignment. The contesting defendants, who are lienors subsequent to the lien of the mortgages, but antecedent to the death of the plaintiff's ancestor, claim the assignments of the mortgages to plaintiff merged the lien in the title, thereby extinguishing it pro tanto.

The underlying principle controlling in the union of two titles of different degrees rests, in equity, upon the intention of the parties; and that intention is ascertained not so much from the declarations of the assignee of the mortgage as from the facts and circumstances existing at the time of the assignment. Thomas, Mortg. § 365 et seq.; Smith v. Roberts, 91 N. Y. 470, 475; Champney v. Coope, 32 N. Y. 543; Judd v. Seekins, 62 N. Y. 266, 270. The plaintiff in this case owned the lands in common with others, and the purchase of the lien was very proper to protect his title. Had he paid the mortgages, as he was one of the parties primarily liable for their payment, it may have been urged in behalf of the subsequent lienors that there was no subrogation, but an extinguishment of the lien. The mortgages were due when plaintiff became the owner; so he must either submit to a foreclosure, or take an assignment to protect himself. With this situation confronting him, there would be no merger unless a countervailing reason indicated he designed the extinguishment of the mortgage to the extent of his title; and the burden is upon the person charging merger to prove facts tending to confute the presumption that there was no annihilation of the lien. But there is another controlling reason why the principle of merger is not applicable to this case. The plaintiff is not the unqualified owner entitled to the immediate uninterrupted possession of his lands. There is an intervening interest in the lands existing when he purchased the mortgages, and that is the dower interest of his mother. This intermediate estate prevents the union of the lien in the greater title. James v. Morey, 2 Cow. 246; Thomas, Mortg. § 130; Jones, Mortg. § 848; Insurance Co. v. Murphy, 111 U. S. 738, 4 Sup. Ct. 679. Again the interest of the plaintiff is averse to the extinguishment of the mortgage, which is a factor to be taken into consideration in the determination of this question. De Lisle v. Herbs, 25 Hun, 485–487. The plaintiff certainly did not purchase the mortgages to make valid subordinate liens. He was not chargeable with their payment, and the doctrine of merger is not ordinarily invoked to sustain an intervening incumbrance. Millspaugh v. McBride, 7 Paige, 509; Thompson v. Van Vechten, 27 N. Y. 568, 579; Thomas, Mortg. § 365.

There is no principle of equity to be invoked on behalf of these defendants requiring the extinguishment of these liens against the plaintiff. The mortgages of the defendants were in existence when plaintiff became the assignee of the mortgages in suit. The defend-

ants, therefore, knew of the liens in suit. They parted with no consideration relying upon extinguishment in the greater title. There was no impairment in the value of these subordinate liens by the assignments to the plaintiff, and the requirements of justice demand that the mortgages be retained as undiminished liens against the whole premises.

The motion to confirm is granted, and judgment of foreclosure and sale ordered in each action.