THE MARQUETTE, HOUGHTON & ONTONAGON RAILROAD COM-
PANY v. HENRY M. ATKINSON.

*Corporate deeds—Right of action under execution purchase—Removal of
timber.*

Act 89 of 1875, in making valid the conveyances of corporations made in
good faith though not according to law, does not make them pre-
sumptive evidence of the rightful character of the sale. A deed in
proper form and a sale in good faith for value must be clearly
proven.

Execution purchasers of real estate can sue as if they were absolute own-
ers for any injury done the property (Comp. L. §§ 4657–8) as for tim-
ber wrongfully severed from the freehold.

Where the same person owns a parcel of land, in part by original title and
in part by purchase under an execution, and sues for the removal of
timber, he is not bound to show from which portion the timber was
taken.

Error to Marquette. Submitted June 16. Decided June
23.

REPLEVIN. Plaintiff brings error. Reversed.

*W. P. Healy* for plaintiff in error.

*E. J. Mapes* for defendant in error. Execution purchas-
ers have only an inchoate title and can base no action on it
apart from the statute, which provides for actions on the case
in regard to waste but not for replevin : *Whiting v. Butler*
29 Mich. 122.

CAMPBELL, J. Plaintiff brought replevin for wood and
timber cut by defendant on section 19, town 48 north of
range 26 west. They proved title from the State of Michi-
gan by patent granted in 1873. In May, 1872, a corporation
known as the Marquette & Ontonagon Railroad Company
conveyed a part of the same section by warranty deed to the
Morgan Iron Company, a mining corporation. On the 21st

of October, 1874, it is claimed the Iron Company conveyed to the Atlantic Iron Company. It does not appear on what part of section 19 the wood was cut.

On the 29th of January, 1876, plaintiff levied an attachment against the Morgan Iron Company on the whole of section 19. On the 15th of August, 1878, plaintiffs, who had purchased under execution on their judgment in the attachment case, obtained the sheriff's deed. The wood was cut after the sale on execution.

A question was raised concerning the identity of plaintiff with the Marquette & Ontonagon Railroad Company. In the view we have taken we need not pass upon the formality of the testimony, as the point is not material and there is probably no doubt of the fact.

The deed to the Atlantic Iron Company, if regular in form, on which a question is made, is not shown to have been authorized by the stockholders. It appears to have been signed and acknowledged by the secretary of the Morgan Iron Company, but it does not appear what right he had to make it. The mining company laws, as amended in 1869, expressly provided that no alienation, sale or mortgage of lands by a mining company should have any force or effect " unless authorized by the vote [of] three-fifths in interest of the entire stock of said company actually present, or legally represented at some meeting of stockholders called, and notified in accordance with the provisions of the preceding section of this act," etc. Comp. L. § 2888. Provision was made by § 2889 for obtaining and recording evidence of such action.

In 1875 a law was passed which is supposed to have rectified this defect. Laws 1875, p. 128. This statute declares that " when any corporation has heretofore disposed of its property, by sale or lease, in the usual manner in which corporations perform such acts, and has done the same in good faith and for a fair and valuable consideration, then such sale or lease is hereby declared legal and valid, although not done in the manner provided in section two thousand eight

hundred and eighty-eight of the Compiled Laws of eighteen hundred and seventy-one."

It is enough to say that under this last statute the deed is not made presumptive evidence of the rightful character of the sale. There must be proof, first, of a deed in proper form, and in addition thereto, of a sale in good faith for value. All of this must distinctly appear.

In the absence of such proof the title to section 19 was found to be in plaintiff either by original title or by execution sale. As execution purchasers they were entitled not only to "maintain an action for any injury to such real estate" (Comp. L. § 4657) but to maintain against the person doing such injury the same actions they might have sustained had they been absolute owners at the time of the injury. Comp. L. § 4658.

They had therefore a perfect right to sue for the wood and timber wrongfully severed from the freehold; and as they owned the whole section by one or the other title, they were not bound to show on what particular part of it the wood grew.

Without therefore passing on the regularity of the record evidence of conveyances, which can no doubt be rectified if irregular, the plaintiffs made out a complete cause of action.

Judgment must be reversed with costs and a new trial granted.

The other Justices concurred.