## William Ward v. The Carp River Iron Co.

*Mines—Trover by execution purchaser—Waste.*

A purchaser of an iron mine at an execution sale, after the time for redemption had expired and he had received his deed, brought trover against one who had bought of the judgment debtor, iron ore which had been taken from the mine after the sale. The declaration did not aver any injury to the freehold. *Held* that the action could not be maintained.

A special action for waste might be maintained by the purchaser after his title had become absolute, but it would be necessary to allege and prove that the acts complained of were injurious to the freehold.

There is no presumption of law that the taking of ore from an open mine is waste in a party having rightful possession.

It is not waste under the statute for the judgment debtor, after his lands are sold on execution, to continue to use them in the manner in which they were used before, doing no injury to the freehold; and what he may lawfully take from the premises before the time for redemption expires, another may lawfully buy of him.

Error to Marquette. Submitted June 24. Decided Oct. 19.

Assumpsit. Plaintiff brings error. Affirmed.

*E. J. Mapes* and *F. O. Clark* for plaintiff in error. An execution purchaser's interest is an equitable estate which the law protects by the action of trespass or waste before it becomes absolute, and which, after deed, relates back for the purpose of suits for injury: *Whiting v. Butler* 29 Mich. 143; *Marq., Hought. & Ont. R. R. v. Atkinson* 44 Mich. 166; a *bona fide* purchaser of goods tortiously taken is liable in trover: *Barrett v. Warren* 3 Hill 348; *Storm v. Livingston* 6 Johns. 44; *Wilkinson v. King* 2 Camp. 335; *Eggleston v. Mundy* 4 Mich. 295.

*Dan. H. Ball* for defendant in error. Working an open mine is not waste, but merely taking the accruing profits of the soil: 1 Washb. R. P. 130; 1 Greenl. Cruise on R. P. 119, 176; Taylor L. & T. §§ 345, 346, 353; *Harlow v. L.*

*S. Iron Co.* 36 Mich. 116 ; *Billings v. Taylor* 10 Pick. 460 ; *Coates v. Cheever* 1 Cow. 476 ; *Irwin v. Covode* 24 Penn. St. 162 ; *Neel v. Neel* 19 Penn. St. 323.

COOLEY, J.   Trover for iron ore.   The declaration avers that on the 28th day of February, 1877, the sheriff of Marquette county, by virtue of executions issued upon judgments against the Marquette & Pacific Rolling Mill Company, levied upon the southeast quarter of the northeast quarter of section seven, in township forty-seven north of range twenty-six west, then owned by said company, and on October 1, 1877, sold the same to William H. Parks subject to fifteen months' redemption ; that Parks assigned his certificate to the plaintiff ; that no redemption took place, and on January 30, 1879, the sheriff deeded said lands to the plaintiff which thereby became and still are his property ; that " upon and in said lands so sold on execution there was at the time of such levy and sale a valuable deposit of iron ore which constituted the chief and nearly the entire value of said lands, and which deposit at the time of said levy and sale had been opened and was being worked and mined from, by the said Marquette & Pacific Rolling Mill Company in the usual course of its business, and the said Marquette & Pacific Rolling Mill Company so continued to mine iron ore from, and sell and dispose of the same, up to the time of the execution of the sheriff's deed of said property to plaintiff.   That said Marquette & Pacific Rolling Mill Company during the time aforesaid mined and removed from lands from said mine, large quantities of iron ore, to wit:   one thousand eight hundred and thirty-four tons, which iron ore was in the months of October, November, December, 1877, and January, February and March, 1878, taken to the furnace of the defendant in the said county of Marquette, *and by the defendant wrongfully converted to its own use in said county of Marquette.*   And the plaintiff further alleges that said iron ore before it was mined formed a part of the real estate so sold on execution as stated above, and if it had not been so mined would have passed to the

plaintiff by said sheriff's deed as a part of said real estate, and the plaintiff alleges that said iron ore so taken by defendant and converted to its own use was of the value of fifteen thousand dollars, and that by virtue of the provisions of sections thirty and thirty-one, chapter one hundred and sixty-five of the Compiled Laws of Michigan, being compilers' sections 4657 and 4658, the defendant became liable to the plaintiff for the taking said iron ore and converting it to its own use, said ore being the property of the plaintiff, and by means of said conversion of said property the plaintiff has been greatly injured, etc.

This declaration was demurred to, and the circuit court sustained the demurrer.

The declaration, it will be seen, counts upon a cause of action as arising under certain sections of the statute. These are as follows:

"Sec. 4657.   The right and title of the person against whom the execution was issued, to any real estate which shall be sold thereby, shall not be divested by such sale, until the expiration of fifteen months from the time of such sale; but if such real estate shall not be redeemed as herein provided, and a deed shall be executed in pursuance of a sale, the grantee in such deed shall be deemed vested with the legal estate from the time of the sale on such execution, for the purpose of maintaining an action for any injury to such real estate.

"Sec. 4658.   If at any time after a sale of real estate on execution, and before a deed shall be executed in pursuance thereof, the defendant in such execution, or any other person, shall commit any waste thereon, or shall remove therefrom any buildings, fences, or other fixtures belonging to the land, and which would pass to the grantee by a deed of conveyance of the same, the purchaser of such real estate, or any creditor or other person having acquired the rights of such purchaser, may have and maintain against the person doing such injury, and against any other person who shall have any such buildings, fences, or fixtures in his possession after such removal, the same actions which such purchaser, creditor, or other person might sustain if he were the absolute owner of the premises so sold."

In the construction of these sections it is necessary to have in mind certain other sections on the same subject, which, if

they do not qualify them, at least tend to explain their meaning. These are found in the chapter concerning waste, and are as follows:

"§ 6361. Whenever any lands or tenements shall be sold by virtue of an execution issued upon any judgment or decree, the person to whom a conveyance may be executed by the sheriff, pursuant to such sale, may maintain an action on the case for waste, against any person, for any waste committed by such person on the premises after such sale.

"§ 6362. But no person lawfully entitled to the possession of any premises so sold, shall be liable to any such action for doing either of the acts authorized in the next section.

"§ 6363. Any person entitled to the possession of lands or tenements sold under execution may, until the expiration of fifteen months from the time of such sale, use and enjoy the same, as follows, without being deemed guilty of waste ::

"1. He may, in all cases, use and enjoy the premises sold, in like manner, and for the like purposes, in and for which they were used and applied prior to the sale, doing no permanent injury to the freehold;

"2. If the premises sold were buildings, or any other erections, he may make necessary repairs thereto; but he shall make no alterations in the form or structure thereof;

"3. If the premises sold were land, he may use and improve the same, in the ordinary course of husbandry; but he shall not be entitled to any crops growing thereon at the expiration of the said fifteen months;

"4. He may apply any wood or timber on such land to the necessary reparation of any fences, buildings, or erections. which may have been thereon at the time of the sale;

"5. If the land sold is actually occupied by such person, he may take necessary fire-wood therefrom for the use of his family."

Independent of these sections the purchaser would have been entitled to maintain an action of trespass on the case for waste committed pending the right to redeem. *Stout v. Keyes* 2 Doug. (Mich.) 184. But neither at common law nor by statute is he entitled to the rents and profits before his title becomes absolute, as the purchaser is in some other states. Freeman on Executions § 349. The judgment debtor has the right to these, and he may make the customary use of the lands himself or rent them, if that shall seem

the preferable mode of rendering them profitable while his right continues.

The action in this case is not brought for the removal of buildings, fences or other fixtures, but for the taking away of ore. It is assumed that the taking constitutes waste, and on that assumption the action is instituted. But there is no allegation that the premises are injured by the removal, or that they are worth any the less in consequence. The lands are alleged to be mining lands, the chief and nearly the entire value consisting in the natural deposits of iron ore, and though the ore taken out is said to be of large value, the mines may or may not be injured by the working. There is no presumption of law on the subject, one way or the other.

But it is a fatal objection to the declaration that it does not show that the premises were not used " in like manner and for the like purposes in and for which they were used and applied prior to the sale, doing no permanent injury to the freehold." It is consistent with all that is alleged that the debtor in the execution only continued the use of opened mines in the customary way, as a dowress might have done : *Stoughton v. Leigh* 1 Taunt. 402 ; *Coates v. Cheever* 1 Cow. 460 ; *Billings v. Taylor* 10 Pick. 460 ; *Crouch v. Puryear* 1 Rand. 258 ; or any other tenant for life ; *Neel v. Neel* 19 Penn. St. 323 ; *Irwin v. Covode* 24 Penn. St. 162 ; or even a tenant for years ; *Clegg v. Rowland* L. R. 2 Eq. Cas. 160. And the debtor's rights are certainly not less than those of a tenant for years in any particular. He may not open new mines, but the old mines he may continue to work in the customary and reasonable way.

Had the mining of the ore been a wrongful act, the plaintiff might perhaps have followed it, and maintained trover against the party purchasing it. *Betts v. Lee* 5 Johns. 348 ; *Heath v. Ross* 12 Johns. 140 ; *Moores v. Wait* 3 Wend. 104 ; *Final v. Backus* 18 Mich. 218 ; *Winchester v. Craig* 33 Mich. 205. It certainly might be done if the defendant were a mere trespasser ; *Marquette etc. R. R. Co. v. Atkinson* 44 Mich. 166 ; but here the defendant stands in the shoes

of the judgment debtor, and what justifies the one in mining justifies the other also in purchasing. And we are unable to find in the declaration any ground of action that would not exist had a ripened crop of grain been removed instead of the ore. The plaintiff seeks to recover irrespective of injury to the freehold or of any abuse by the judgment debtor of his right to possession. He has not therefore brought his case within the statute.

The judgment must be affirmed with costs.

MARSTON, C. J. and GRAVES, J. concurred.

CAMPBELL. J.   I think the removal of the ore cannot be regarded as anything short of waste, and that it was tortious.