## NICKLASE v. MORRISON.

### Opinion delivered October 5, 1892.

1. *Tax sale—Trees cut during period of redemption.*

    Where land is sold at an over-due tax sale all trees thereafter cut from it by the original owner, during the period allowed for redemption, which are not consumed in the customary use of the land, will, at the expiration of the period of redemption, become the property of the tax purchaser.

2. *Trees unlawfully cut—No recovery of enhanced value.*

    Where, upon expiration of the period of redemption, a purchaser at an over-due tax sale has received his deed, he is entitled to all trees unlawfully cut from the land by the original owner during the period of redemption, without reimbursement of the amount that the trees were enhanced in value by being cut.

Appeal from Randolph Circuit Court in Chancery.

JAMES W. BUTLER, Judge.

On the 27th day of April, 1886, Mrs. Regina Nicklase brought replevin against B. C. Morrison to recover certain logs of timber purchased by her from Mrs. Olive G. Lewis. Defendant set up title to the logs in himself. On the 30th day of April, 1886, Mrs. Lewis brought suit against Morrison to quiet her title to the land from which the logs were cut. She alleged that defendant claimed to own the land under an over-due tax deed; that, on the 27th day of April, 1886, she had tendered to him the amount necessary to redeem the land, which he had refused; and she tendered that sum into court with a prayer that his tax deed be removed as a cloud upon her title. Defendant filed an answer, which he requested to be taken as a cross-complaint, and asked that Mrs. Nicklase be made a party defendant thereto. He alleged his ownership of the land and of the logs cut therefrom; and prayed that Mrs. Nicklase be required to litigate her right to the timber in this action. By consent the two suits were consolidated. Mrs. Nicklase filed her answer

in which she prayed that, in the event that the title of Mrs. Lewis should be established, she should recover the value of the logs ; that, in the event that Morrison's title should be established, an account should be taken of the stumpage value of the logs and their value at the time they were taken by Morrison, and that she recover of him the value of the timber in excess of its value in the tree.

The evidence established the following facts: The land, which had belonged to Mrs. Lewis, was purchased by Morrison at an over-due tax sale, made on the 17th day of April, 1883, and deed executed to Morrison on February 5th, 1886. On April 20th, 1885, Morrison made a verbal agreement with Mrs. Lewis to allow her one year from that date in which to redeem the land by paying the taxes, penalty and costs with interest. On the 27th of April, 1886, Mrs. Lewis tendered Morrison the amount necessary to redeem the land, but he refused to accept it. After the agreement to redeem was made and four or five months before the year for redemption had expired, Mrs. Lewis cut the timber in controversy and sold it to Mrs. Nicklase. The lands were wild and chiefly valuable for the timber.

The court, after hearing the evidence, found that Morrison was the owner of the land from which the timber was cut, and dismissed the suit of Mrs. Lewis for want of equity ; also found that the timber was cut after expiration of the time for redeeming from the over-due tax sale, but before the execution of the deed to Morrison, and that the timber was the property of Morrison ; and decreed that Mrs. Nicklase take nothing by her suit, and that she pay all costs. Mrs. Nicklase has appealed.

*J. C. Hawthorne* and *House & Cantrell* for appellant.

1.  The contract for an extension of time was a valid contract based upon a valuable consideration, and does

not come within the statute of frauds.    13 Mich. 124 ; 9 B. Mon. (Ky.) 452 ; *ib.* 264 ; 70 Pa. St. 224 ; 42 Ark. 221. See also Cooley, Tax. sec. 4, p. 535 ; Burroughs on Tax. p. 359 ; 38 Am. Dec. 679 ; 4 Ired. Eq. 398 ; 27 Mich. 260 ; 66 *id.* 27 ; 2 Bibb (Ky.), 459 ; 2 Bush (Ky.), 407 ; 4 *id.* 586 ; 18 N. J. Eq. 108 ; 82 N. C. 510 ; 55 Pa. St. 369 ; 69 *id.* 443 ; 73 *id.* 453 ; 41 Iowa, 197.

2.    In 53 Ark. 430, it is held that the time for redemption was two years from the sale by the commissioner.    But the sale is not confirmed by the court.    53 Ark. 445 ; 34 *id.* 346 ; 23 *id.* 41 ; 38 *id.* 80.

3.    The time for redemption not having expired, appellant was the owner of the timber cut, by virtue of her purchase from Mrs. Lewis before the expiration of the time.

*J. W. & J. M. Stayton* for appellee.

1.    The two years had expired, whether the time began from the date of sale or the date of confirmation. The sale was confirmed August 15th, 1883.    The offer to redeem was not made till April 27th, 1886—more than two years afterwards.    51 Ark. 453.

2.    The pretended contract was not in writing, and was void.    Mansf. Dig. sec. 3371, 4th subd.; 8 Wait's Actions and Def. pp. 547–8 ; 9 S. E. Rep. 736 ; 22 N. E. Rep. 90 ; 32 N. W. Rep. 417 ; 19 S. W. Rep. 497 ; 13 N. E. Rep. 842 ; 41 Ark. 264.

3.    The over-due tax sale cut off all defenses.    49 Ark. 336 ; 52 *id.* 400 ; 55 *id.* 41, 398.

4.    Morrison, the owner of the land, was entitled to all timber cut during the period of redemption, especially where the timber constituted the chief value of the land. 5 Cow. 80 ; 31 Cal. 304 ; 21 Wend. 125 ; 15 Johns. 309 ; 2 Wend. 509 ; 79 Ill. 467 ; 28 Mich. 296 ; 45 Mich. 113 ; 47 Mich. 554.

5.    The timber belonged to Morrison before it was cut ; appellant could not sever it, call it personalty, claim

it and convert it to her use. Nor is she entitled to reimbursement for the enhanced value. 44 Ark. 210 ; 54 *id*. 187 ; 55 *id*. 307.

HEMINGWAY, J. The appellant contends that the person who owned the land up to the time of the overdue tax sale offered, in apt time, to redeem it from the purchaser at the sale; that the failure to perfect the redemption was due alone to the unlawful refusal of the appellee to accept the offer; and that as the offer had been preserved by a tender with the bill of complaint, it operated to protect the owner's right to the land and, through it, appellant's title to the trees. Whether the conclusion is legally deducible from the premises stated, we need not determine; for the facts in proof do not warrant the major premise.

If any offer to redeem was ever made, it was on the 27th of April, 1886 ; and in whatever light we view the case, the right to redeem had then expired. If we look to the statute, unaffected by the agreement, to ascertain when the period of redemption expired, and assume that it began on the day the sale was confirmed, as is contended by appellant, we find that it expired on the 15th day of August, 1885, since the confirmation was on that day in 1883. On the other hand, if it be conceded that the agreement was not within the statute of frauds, and was operative to extend the period of redemption according to its terms, it only stipulated for an extension of one year from the day it was made, to-wit, the 20th of April, 1885, and therefore the period as extended had expired before the tender was made. So, without determining when the period of redemption began, or whether the agreement to extend it was invalid as within the statute of frauds, but assuming that the appellant's contention is correct, we find that the offer to redeem was not made in apt time, and that the facts of this case do not justify the position taken.

It is contended, in the next place, that the appellant acquired title to the trees, because they were cut by the former owner and sold to her while such owner was lawfully in possession of the land, and had a right to redeem it. That presents the question whether the purchaser of the timber from one in possession under a right to redeem is entitled to it as against the purchaser of the land, after the right to redeem has expired and the latter has received a deed, where it appears that the trees comprised the principal value of the land, and they were not cut in the course of the customary use of the land or in order to its customary enjoyment.

1. Tax sale carries timber.

We are of opinion that although the sale had been made and confirmed, and the amount of the bid had been paid by the purchaser, the legal title to the land remained in the former owner during the time allowed to redeem it, and gave the right of possession with the right of use in the customary way. Such a right has been held to entitle one to sever matured crops, to mine coal, or to receive the flow of oil, and apply the produce to his own use. 2 Freeman, Ex. sec. 323; *Ward* v. *Carp River Iron Co.* 47 Mich. 65; *Hardenburg* v. *Beecher*, 104 Pa. St. 20. While it exists, the purchaser has no right to invade the possession of one holding under it, or to in any way interfere with his lawful use and enjoyment of it.

But although such purchaser does not acquire a legal title nor the right to present enjoyment, he does acquire an inchoate interest in the land and right to its future enjoyment, which will become consummate at the expiration of the time to redeem, unless the right to redeem is sooner exercised; and that inchoate right is not confined to the indestructible soil, but extends as well to everything affixed to it, as buildings or standing trees, except such as may be consumed in the customary use of it. Any other rule would be manifestly unjust to the purchaser, and very seriously embarrass sales made

subject to the right to redeem. For the purchaser bids for the land, and not for a part of it, and by the confirmation his offer is accepted; thereafter he is irrevocably bound; and as it must be presumed that his bid was made with reference to the condition and value of the property offered, he is entitled, if no redemption is made, to get the land he bid for, and not what may be left of it after a term of wasteful and destructive use.

So in this case if the trees had been standing when the appellee obtained his deed, they would have been his, by virtue of his purchase; and we cannot see how the unlawful severance and sale of them can deprive him of that right and vest it in another. If such a result could be lawfully accomplished, no one would be so foolish as to bid any fair price for lands thus sold, but bids would be limited to sums deemed adequate for the indestructible elements of the soil. It would prejudice alike the rights of debtors and creditors, and our legislation was certainly never thus designed. The case of *Whitney* v. *Huntington*, 34 Minn. 458, is quite similar to this, and in it the court decided that when the deed was delivered, the purchaser was entitled to trees cut during the period of redemption, or in default thereof to their value. The opinion is well reasoned, clear, and, we think, convincing; in it will be found a citation of the authorities bearing upon this question, and to them we refer.

Our conclusion is, that when the appellee got his deed he was entitled to the land and to all trees unlawfully cut from it during the period of redemption. Tiedeman, Real Property, sec. 82.

2. Enhanced value of trees not recoverable.     It is insisted, in the last place, that the appellant is entitled to be reimbursed to the extent that the trees were enhanced in value by being cut. They were the trees of the appellee, and neither the appellant nor any other person could acquire a debt against him by doing unlawful and unauthorized acts about them. Whatever

of force there is in the contention is resolved against the appellant in the case of *Stotts* v. *Brookfield*, 55 Ark. 307, which makes it unnecessary to say more here.

Affirm.