## McNEILL v. CARTER.

Opinion delivered April 15, 1893.

57 579
61 194

57 579
67 328
d67 339

*Tax-sale—Lien of judgment.*

> A judgment recovered after the judgment debtor has permitted his lands to be sold for taxes and before the period allowed by law for redemption from the tax sale has expired is a lien on his interest therein; and one who purchases the land from the debtor subsequently to the rendition of the judgment takes subject to such lien, and does not acquire any new title or right to priority over the judgment lien by redemption from the tax sale.

Appeal from Columbia Circuit Court in Chancery.

CHARLES W. SMITH, Judge.

Carter Bros. & Co. and other creditors holding judgments against W. B. McNeill brought suit in equity against McNeill and others to set aside certain alleged fraudulent transfers executed by McNeill.

The complaint in substance alleged that plaintiffs in March and September, 1886, obtained their several judgments against McNeill for amounts named ; that nothing has been paid on these judgments, and that they are in full force. and constitute subsisting liens on all real estate owned by McNeill ; that, at the date of rendition of these judgments, McNeill was the owner of a large quantity of lands, but was totally insolvent ; that, on April 12, 1886, McNeill permitted all of said lands to be forfeited for non-payment of taxes, and, just before the period of redemption expired, redeemed the lands and conveyed them, for the consideration of $219.55, to his. three sons and a son-in-law, who were named as defendants ; that said grantees conveyed part of said lands to a third party who had notice of plaintiffs' liens ; that the lands were worth $5000, and that the conveyances above mentioned were fraudulent.

The prayer of the complaint was that all of these deeds be declared null and void, and that the lands be subjected to the payment of their judgments.

All the defendants except W. B. McNeill, after demurring to the complaint for want of equity, answered in substance :

That the judgments as alleged in the complaint are true so far as they know, and of their own knowledge they cannot deny any of the indebtedness of W. B. McNeill ; that the lands mentioned in the complaint were forfeited for taxes more than two years before the appellees filed this complaint ; that the lands were forfeited on the 12th day of April, 1886, and on the 12th day of April, 1888, they bought the equity of redemption from McNeill and wife, and on the same day, it being the last day that said lands could be redeemed by any one, they redeemed. They deny that said lands were forfeited for the purpose of committing any fraud on the creditors of W. B. McNeill. They state that he was

perfectly insolvent, and had no money to pay taxes with. The judgment creditors neither paid the taxes on these lands, nor subjected them to their judgments, as they could have done. They say that if they had not bought the equity of redemption, and redeemed these lands when they did, they would have belonged to the State of Arkansas, as the creditors of said W. B. McNeill had never redeemed or offered to redeem the same. They deny that they perpetrated or attempted to perpetrate any fraud on the creditors of the said W. B. McNeill. They deny that they themselves, or in conjunction with the said W. B. McNeill, ever did in any way do any thing in the premises to cheat, hinder or delay the creditors of the said W. B. McNeill. They deny that the said judgment creditors have any lien on said lands or ever had any lien on the equity of redemption in said lands, after the time expired for the redemption of said lands, and, if they ever had any such lien, they neglected and failed to enforce same in any way before the expiration of same, as all the equity of redemption that ever belonged to said W. B. McNeill would have expired in a few hours after their purchase from said W. B. McNeill. They further state that they knew nothing about the debts of the said W. B. McNeill, except in a general way. They knew he was insolvent and owed debts, but they knew nothing of any particular creditor, or the amount said W. B. McNeill owed. Their information about or concerning the debts was from general rumor.

The court sustained a demurrer to the answer. Defendants declined to plead further, and judgment was rendered in accordance with the prayer of the complaint. Defendants have appealed.

*J. M. Kelso* and *Chas. P. Roberts* for appellants.

The sale of the lands to the State for taxes divested McNeill's legal title, leaving a mere equitable interest—

the right to redeem—in him for a period of two years. This he sold appellants, which gave them the right to redeem.   39 Ark. 580 ; 42 *id.* 215 ; 49 *id.* 551 ; 15 *id.* 331 ; 1 *id.* 473 ; Mansf. Dig. sec. 5775.   Judgments are only liens upon real estate, and not upon a mere right to redeem.   Mansf. Dig. sec. 3917 ; Acts 1891, p. 92 ; 97 Ind. 520 ;. 2 Oregon, 43 ; 13 Ark. 74 ; 6 Ark. 269 ; Mansf. Dig. sec. 3001, subd. 6.   The·lien for taxes is superior to all judgment liens.   Mansf. Dig. sec. 5712 ; Acts 1887, p. 167, sec. 40.   The land itself is sold for taxes and not the interest of the owner, and the purchaser acquires a title subject only to the right of redemption, unaffected by prior liens or encumbrances.   18 Ark. 423 ; Blackwell, Tax Titles, sec. 480 ; 93 U. S. 428 ; 18 Fla. 302 ; 41 Pa. St. 60 ; 36 Iowa, 505 ; 2 Curtis (C. C. U. S.), 439 ; 69 Ga. 194 ; 47 Iowa, 330.

*Bunn·& Gaughan* for appellees.

COCKRILL, C. J.   A judgment of the circuit court becomes a lien on the real estate of the judgment defendant in the county where it is rendered.   Mans. Dig. sec. 3917.

When lands are sold for non-payment of taxes, the purchaser is not entitled to a deed until the expiration of the two years allowed by statute for redemption. The title of the owner is not divested by the sale.   During the period allowed for redemption, the law regards him as still the owner, clothed with the rights of absolute ownership, with some limited restrictions.   *Nicklase* v. *Morrison*, 56 Ark. 553 ; Cooley, Taxation, 542 ; Black, Tax Titles, sec. 167 *et seq.*

It follows that his interest in the land is real estate to which the lien of a judgment may attach.   The appellees' judgments were therefore liens on the land of · W. B. McNeill when the appellants acquired their asserted interest by transfer from him.   They took sub-

ject to the liens. They redeemed by virtue of the right
acquired from W. B. McNeill subsequent to the rendi-
tion of the appellees' judgments. The redemption by
them was not the inception of a new title. They did
not become thereby the assignees of the rights of the
State, which was the purchaser at the tax sale ; or suc-
ceed in any way to its rights. The redemption simply
expunged the State's inceptive title, and restored the
land to the precise condition it occupied before the sale.

The appellants cannot complain of the decree hold-
ing the lands subject to the lien of the judgments, and
it will be affirmed.